■ CARMEN E. BIDWELL, Appellant, v DONALD W. BIDWELL, Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court, ordering, *inter alia,* equitable distribution of the parties' marital property, entered August 29, 1985 in Tompkins County, upon a decision of the court at Trial Term (Bryant, J.), without a jury.

Plaintiff and defendant were divorced in June 1985 after 30 years of marriage. The focus of this appeal revolves around the equitable distribution of the parties' marital property. Plaintiff and defendant were 56 and 54 years old, respectively, at the time of the divorce. Plaintiff is a college graduate with a Bachelor's degree in chemistry and two years of completed graduate study. She had been a homemaker during the dura-

tion of her marriage. Defendant is a radiologist in private practice. Their three children are grown and emancipated.

Trial Term divided the marital property by awarding to plaintiff the following: (a) the former marital residence, valued at $89,000, (b) UDC series A bearer bonds worth $8,083, (c) an E. F. Hutton joint cash-management account of $5,000, (d) one half of the value of two automobiles retained by defendant, which was $3,200, and (e) 40% of the current cash value of defendant's Air Force pension, which was $15,434.68. The total value of plaintiff's share was $120,717.68.

Defendant was awarded the following: (a) a parcel of realty on Troy Road in the City of Ithaca, Tompkins County, valued at $7,500, (b) defendant's present residence at 4950 Route 89 in the Town of Seneca Falls, Seneca County, with an equity of $6,060, (c) his office building at 28 Fall Street in Seneca Falls, valued at $40,000, (d) a Keogh account worth $17,565, (e) two automobiles, valued at $3,200 after paying one half of their value to plaintiff, (f) two boats valued at $2,000, and (g) American Property Investors bonds worth $20,000. The total value of these assets were found by Trial Term to be $96,325. Both parties agreed as to the value of the bulk of their assets excepting the value of defendant's medical practice and his Air Force pension.

In addition, Trial Term directed that the proceeds from the sales of two separate properties were to be divided equally by the parties, namely, property in the Town of Palmyra, Wayne County, on which was located an office building, and an apartment building situated in Caracas, Venezuela. Plaintiff was awarded maintenance of $1,200 per month for two years and $1,000 per month thereafter, subject to further review in the event of a change of financial circumstances. Each party was directed to pay their own counsel fees and expenses.

On this appeal, plaintiff urges that Trial Term erred in not permitting plaintiff's labor expert to testify concerning the value of plaintiff's services as a homemaker and that this ruling adversely affected plaintiff's rights to a more equal distribution of marital property. She urges too that the disallowance of her expert's testimony as to her future earning capacity was to her detriment on the question of maintenance. We find no merit in plaintiff's argument. Since Trial Term concluded that plaintiff was entitled to distribution of marital property, the value of her services as a homemaker was irrelevant. Moreover, the value of such services is not a subject which necessitates elucidation by expert testimony *(see, e.g., Ashdown v Kluckhohn,* 62 AD2d 1137). The record

fails to disclose any offer of proof as to the future earning capacity of plaintiff on the question of future financial circumstances and, thus, we decline to discuss the issue as it was not preserved for appeal.

Plaintiff next argues that Trial Term erroneously determined that proceeds of the sale of the apartment building in Venezuela constituted marital property. However, there was testimony by plaintiff that the building was given as a wedding present to both her and defendant. Wedding gifts made to both spouses are marital property *(Ackley v Ackley,* 100 AD2d 153, 155-156, *appeal dismissed,* 63 NY2d 772). During the trial, plaintiff also claimed that the gift of the building had never actually been effected. The court rejected this argument and ordered that the proceeds of the sale of the building be divided equally upon plaintiff's receipt of them through the estate of her father. The evidence supports the court's finding on this issue and, therefore, its determination on this question should be upheld.

Plaintiff next urges that Trial Term erroneously concluded that defendant's medical practice had no value. Defendant had been in private radiology practice for about three years before the commencement of the divorce action. His gross revenues had been declining for some five years at the time of trial. The court found, and plaintiff's expert agreed, that defendant's medical practice was to be valued by applying a capitalization of earnings method approach to valuation. Through the use of this method, plaintiff's expert opined that the practice had a value of $126,000, excluding fixed assets. In reaching this evaluation, plaintiff's expert concluded that defendant's expenses were out of line. He therefore looked instead to defendant's gross revenues, compared them to other medical practices billing out in the same range as defendant, and applied a normal gross profit percentage of 40% which he multiplied by a factor of three to reach the value of $126,000. The court disagreed with plaintiff's expert's hypothetically created medical practice and his conclusions as to its value because they were not based on an actual review of defendant's books, nor was there any pinpointing of where expenses were out of line. Further, the expert's assumption of normal gross profit was not based on a comparison with other radiology practices but with medical practices generally. We concur with the court's conclusion that, by applying the capitalization of earnings approach, defendant's practice actually had a zero value. Therefore, plaintiff did not meet her burden of proof in

sustaining her claim that defendant's business had a value of $126,000.

Plaintiff also contends that the value placed by Trial Term on defendant's Air Force pension was in error. Plaintiff claimed that it actually had a fair market value of $63,620, while the court concluded that the present cash value of the pension was $38,586.71 and awarded plaintiff 40% thereof. It was plaintiff's burden to sustain her contention as to the value of the pension (see, Michalek v Michalek, 114 AD2d 655). The weight to be accorded to the testimony of plaintiff's expert centers on the credibility accorded to him by the court (see, Wilbur v Wilbur, 116 AD2d 953-954; Baumfeld v State of New York, 107 AD2d 927, 928). The court's resolution of this issue should not be disturbed. Plaintiff's expert failed to consider the survivor options of the pension and to apply an appropriate discount rate. This affected the weight accorded his testimony. The court's determination, therefore, accords with the evidence.

It is also plaintiff's contention that, given defendant's resources and the standard of living which the parties enjoyed prior to their separation, the award of maintenance should be modified. We disagree. Trial Term fully considered the various factors which must be taken into account in awarding maintenance and articulated them in the record. Trial courts have broad discretion in awarding maintenance (Pacifico v Pacifico, 101 AD2d 709, 710). On this record, we find the maintenance award to be appropriate.

We find no merit as well to plaintiff's contention that she is entitled to an award for counsel fees and expenses. The distribution plan gives plaintiff sufficient funds to pay for these items. Trial Term did not abuse its discretion in this regard (see, Rodgers v Rodgers, 98 AD2d 386, 393, appeal dismissed 62 NY2d 646).

Finally, plaintiff contends that she is entitled to a larger share of all the marital assets. We find, however, that based on the foregoing, Trial Term's distribution of the assets was fair and appropriate and should not be disturbed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.