■ RUSSELL E. NEWKIRK, Appellant, v MARTHA NEWKIRK, Respondent. [622 NYS2d 831] —Mikoll, J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), entered February 18, 1994 in Albany County, upon a decision of the court in favor of defendant.

Plaintiff sued defendant for divorce alleging cruel and inhuman treatment. After a trial, an order and judgment were entered dismissing plaintiff's complaint and, thereafter, a corrected order and judgment of dismissal was entered.

Plaintiff and defendant were married in 1982 and have three minor issue of the marriage. Plaintiff commenced this action in 1990 but continued to cohabit with defendant until 1992. The allegations of cruel and inhuman treatment are based on public statements of disparagement of plaintiff by defendant, uttered before professional colleagues and friends and, also, privately to plaintiff on a regular and frequent basis. Plaintiff also alleged a cold and indifferent personal and sexual relationship with defendant, which he contends is due to her insulting rejections of him and her unwillingness to have a normal sexual relationship. Plaintiff contends that defendant's actions caused him to suffer depression, making continued cohabitation unsafe for him.

Defendant, on the other hand, put a different gloss on the parties' marital life, denying the accusations of insulting and deprecatory behavior on her part. Defendant testified that their marital problems were attributable to plaintiff's problems with drugs and alcohol and his inability to live a family life with her and the children. As to their sexual problems, defendant denied a coldness or indifference but contended that their problems stem from differing sexual appetites and drives.

Supreme Court found that plaintiff failed to produce sufficient evidence to prove that cohabitation between plaintiff and defendant would be unsafe or improper and that, though the relationship between the parties was strained and unpleasant, proof thereof was not of sufficient quality to prove a cause of action for cruel and inhuman treatment. Plaintiff appeals.

Under Domestic Relations Law § 170 (1) plaintiff, in order to

prevail in his suit, must show a course of conduct by defendant which is harmful to his physical or mental health which makes continued cohabitation unsafe or improper. The conduct must be serious and not just an indication of incompatibility (see, Hessen v Hessen, 33 NY2d 406, 409-410). A high degree of proof is required to establish cruel and inhuman treatment (see, Brady v Brady, 64 NY2d 339). The determination of Supreme Court on the issue of cruel and inhuman treatment will not be lightly overturned on appeal (see, Forcucci v Forcucci, 96 AD2d 751) and we defer to Supreme Court on the credibility issues (see, Bidwell v Bidwell, 122 AD2d 364, 367).

There should be an affirmance. The proof of activities that are alleged to constitute cruel and inhuman treatment must be viewed in the scope of the entire marriage. Here, plaintiff and defendant were together some 10 years and had three children before plaintiff moved away to pursue his divorce. The marriage is of significant length and the transgressional acts must be viewed in terms of the scope of the marriage, including the fact that it produced three children. The conflicting versions of the acts of alleged cruel and inhuman treatment required a resolution of credibility issues which we leave to the trier of facts. We concur with Supreme Court that the proof here fails to reach the level of cruel and inhuman treatment required under Domestic Relations Law § 170 (1).

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, with costs.