■ Susan L. Israel, Respondent, v David Israel, Appellant. (Appeal No. 1.) [663 NYS2d 460] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court abused its discretion in dismissing defendant's counterclaim for divorce based upon cruel and inhuman treatment. Contrary to the court's conclusion, a marriage of approximately nine years' duration that produced no children is not considered a long-term marriage (*see, Rauch v Rauch,* 226 AD2d 1141; *Rubin v Rubin,* 105 AD2d 736, 738; *cf., Newkirk v Newkirk,* 212 AD2d 951, 952). In any event, "[t]he existence of a long-term marriage does not, of course, serve as an absolute bar to the granting of a divorce for cruel and inhuman treatment" (*Brady v Brady,* 64 NY2d 339, 345).

Upon our review of the record, we conclude that defendant proved that plaintiff engaged in a course of conduct that rendered it unsafe and improper for him to continue to cohabit with her. Defendant testified to several incidents of violence in which, *inter alia,* plaintiff threw dishes, slapped him in the face in front of his friend, and attacked him, scratching both sides of his face hard enough to draw blood. Defendant also testified that plaintiff threatened to commit suicide with his shotgun, began arguments on an almost daily basis that lasted long into the night, and accused him repeatedly of infidelity. That evidence is sufficient to entitle defendant to judgment on the counterclaim (*see, Wilbourne v Wilbourne,* 173 AD2d 289). The absence of medical proof is not fatal to defendant's case where, as here, the evidence establishes physical abuse that gives rise to the inference of a threat to defendant's safety (*see, Doyle v Doyle,* 214 AD2d 918, 919, *lv denied* 87 NY2d 803; *Brooks v Brooks,* 191 AD2d 1042, 1043).

We therefore remit the matter to Supreme Court to grant judgment on the counterclaim and to determine the economic issues. Because an award of equitable distribution may affect the amount and duration of any maintenance award, we likewise reverse the order awarding retroactive maintenance and direct the court to reconsider the issue of maintenance. We agree with the court that any award of maintenance to plaintiff should be retroactive to September 3, 1993, the date of plaintiff's first application therefor (*see,* Domestic Relations Law § 236 [B] [6] [a]). (Appeal from Order of Supreme Court, Livingston County, Meyer, J.—Divorce.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.