■ DONNA C. REINHEIMER, Respondent, v WILLIAM L. REINHEIMER, Appellant. [694 NYS2d 106] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Berler, J.), entered April 27, 1998, which, *inter alia*, provides that the total combined value of the plaintiff's 401K and Employee Stock Option Plan is $132,368.58, and that he is entitled to a Qualified Domestic Relations Order in the sum of only $601.63.

Ordered that the judgment is modified by (1) deleting so much of the 10th decretal paragraph as provides that the total combined value of the plaintiff's 401K and Employee Stock Option Plan is $132,368.58, and substituting therefor a provision that the total combined value of those assets is $138,764, and (2) deleting so much of the 10th decretal paragraph as provides that the defendant is entitled to a Qualified Domestic Relations Order in the sum of only $601.63, and substituting therefor a provision that the defendant is entitled to a Qualified Domestic Relations Order in the sum of $3,785.63; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court correctly determined that he had been employed for 20 years, and that his pension was therefore to be calculated by multiplying his average salary for his final three years of employment by 2% rather than 1.66%. In response to the evidence of the defendant's dates of employment, the defendant failed to show

that certain periods of employment were excludable (*see, Ferrugiari v Ferrugiari,* 226 AD2d 498). Thus, the Supreme Court properly found that the defendant had been employed for 20 years and properly used 2% as the multiplier to calculate the defendant's pension, rather than 1.66%, which is applicable to employees with less than 20 years service (*see, Majauskas v Majauskas,* 61 NY2d 481). It was also proper for the Supreme Court to employ the Pension Benefit Guaranty Corporation (hereinafter PBGC) interest rate to calculate the present value of the defendant's pension, since the defendant's expert himself used the PBGC mortality tables (*cf., Bidwell v Bidwell,* 122 AD2d 364, 367).

The Supreme Court also correctly determined that additional documentation concerning the value of the plaintiff's 401K plan and Employee Stock Option Plan was not required, since the parties stipulated to the values of these assets (*cf., Natole v Natole,* 256 AD2d 558). However, we amend the judgment to reflect that the parties stipulated that the value of these assets was $70,427 and $68,337, for a total of $138,764. Since the value of the defendant's pension is $131,192.73, the defendant is entitled to a Qualified Domestic Relations Order of $3,785.63, representing one-half of the difference in value. Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.