■ WILLIAM MM., Appellant, v KATHLEEN MM., Respondent. [611 NYS2d 317] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Coppola, J.) dismissing plaintiff's second cause of action for a divorce, entered September 20, 1991 in Westchester County, upon a decision of the court.

In November 1985, plaintiff commenced this action for divorce on the ground of, *inter alia,* cruel and inhuman treatment *(see,* Domestic Relations Law § 170 [1]). The parties had been married for 11 years and have two children. Following a nonjury trial, Supreme Court dismissed the cause of action alleging cruel and inhuman treatment. This appeal followed.

We affirm. Initially, we note that in a marriage of relatively

long duration such as this one, a high degree of proof is required to establish cruel and inhuman treatment *(see, Brady v Brady,* 64 NY2d 339, 344-345; *Hessen v Hessen,* 33 NY2d 406, 411-412; *Wilkinson v Wilkinson,* 149 AD2d 842; *Green v Green,* 127 AD2d 983; *Wilkins v Wilkins,* 91 AD2d 771). "A showing of irreconcilable or irremedial differences is insufficient by itself" *(Tsakis v Tsakis,* 110 AD2d 763, 764, *appeal dismissed* 65 NY2d 1053) and a finding that no useful purpose would be served by perpetuating a "dead" marriage will not satisfy the statutory requisite *(Brady v Brady, supra,* at 345-346). Furthermore, "[t]he determination of the trial court as fact finder on the issue of cruel and inhuman treatment will not lightly be overturned" *(Rispoli v Rispoli,* 131 AD2d 556, 557, *lv denied* 70 NY2d 609).

Here, plaintiff testified at trial that defendant was sexually inhibited, disparaged plaintiff's physical appearance, exhibited a cold and unsympathetic manner toward him, made an unfounded claim that he abused their daughter and, on one occasion, pushed him, causing him to lose his balance. Defendant's testimony contradicted plaintiff's in virtually every respect. Significantly, plaintiff presented no medical proof to establish that his health was adversely affected by defendant's alleged conduct *(see, Warguleski v Warguleski,* 79 AD2d 1107). The record amply supports Supreme Court's determinations, based upon its resolution of the parties' conflicting testimony, that the parties' disagreements were insubstantial and that plaintiff failed to discharge his burden of demonstrating a course of conduct by defendant which is harmful to his physical or mental well-being and makes cohabitation unsafe or improper *(see, Moss v Moss,* 187 AD2d 775, *lv denied* 81 NY2d 709; *Breckinridge v Breckinridge,* 103 AD2d 900, 901).

We have reviewed plaintiff's remaining contention and find that the doctrine of law of the case has no application here.

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.