■ MINDY R. DOYLE, Respondent, v JOHN DOYLE, Appellant.

[625 NYS2d 693] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Patsalos, J.) granting, *inter alia,* plaintiff a divorce, entered September 8, 1993 in Orange County, upon a decision of the court.

In a divorce action based upon cruel and inhuman treatment, a plaintiff must generally show a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff, making cohabitation unsafe or improper, and when the marriage is of long duration a high degree of proof of serious or substantial misconduct is required *(Brady v Brady,* 64 NY2d 339, 343-345). Assuming that plaintiff's evidence is sufficient to establish the requisite "serious or substantial misconduct" by defendant, the evidence is insufficient to establish that defendant's conduct "so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant", as required by Domestic Relations Law § 170 (1).

Although the absence of expert testimony is not necessarily fatal to an action based upon cruel and inhuman treatment *(see, Brooks v Brooks,* 191 AD2d 1042, 1043), plaintiff's failure to submit any medical proof is a relevant factor which can be considered in determining the sufficiency of the trial evidence in a cruel and inhuman treatment divorce action involving a long-term marriage *(see, Walczak v Walczak,* 206 AD2d 900, 901; *compare, Gascon v Gascon,* 187 AD2d 955 [evidence of the plaintiff's headaches and hypertension, together with medical evidence relating those conditions to the defendant's misconduct, held to be sufficient], *with Stagliano v Stagliano,* 132 AD2d 975 [evidence of only strained and unpleasant relations, without medical proof connecting the plaintiff's hypertension, nervousness and heart problems to the defendant's misconduct, held to be insufficient]). Nor is there any other competent, relevant proof on the issue, such as objective evidence that defendant's misconduct adversely affected plaintiff's health *(cf., Clarkson v Clarkson,* 103 AD2d 964, 965 [evidence that the defendant's misconduct caused plaintiff to suffer weight loss, stomach upset and substantial emotional stress which led plaintiff to seek medical attention held to be sufficient]). Also lacking is any evidence of the type of physical or verbal abuse which could give rise to an inference that defendant's misconduct created an actual threat to plaintiff's safety *(cf., Kellerman v Kellerman,* 187 AD2d 906, 907; *Krishnan v Krishnan,* 166 AD2d 357).

Based upon our review of the record, we conclude that the evidence was insufficient to meet plaintiff's burden of a high degree of proof of cruel and inhuman treatment *(see, Walczak v Walczak, supra; Meier v Meier,* 156 AD2d 348, *lv dismissed* 75 NY2d 946). The judgment must, therefore, be reversed and the complaint, which is based exclusively on cruel and inhuman treatment, must be dismissed.

Cardona, P. J., Mercure and White, JJ., concur.

Peters, J. (dissenting). I am of the firm opinion that Supreme Court properly exercised its discretion in its assessment of the misconduct on the part of this defendant and the effect of his behavior upon plaintiff. It is well settled that such determination is not one which should be lightly overturned on appeal *(see, Clarkson v Clarkson,* 103 AD2d 964, 965).

Here, plaintiff testified extensively concerning her entry into mental health counseling when defendant, after denying involvement with another woman, moved out of the marital home. Plaintiff, feeling that she may have "done something wrong", entered counseling "hoping that I could find out what I could do to be a better wife and have him love me again". She described her humiliation, frustration and anguish upon discovering that, despite his repeated protestations to the contrary, defendant had indeed been involved with another woman and had even brought their children to meet her. Plaintiff additionally described how she "pleaded with him to move home" and engage in joint counseling. While defendant eventually resumed residence in the marital home, his lack of commitment to reestablishment of the marriage was evidenced by his maintenance of another mailing address, bank account and credit card, as well as his refusal to continue in marital counseling. Even defendant himself revealed to plaintiff that he intended his return to the marital home to be "temporary".

Mindful that plaintiff's testimony concerning the conduct which caused her to require attendance at mental health counseling went unchallenged, I am convinced that competent, relevant proof established the detrimental effect of defendant's pattern of conduct upon plaintiff's mental health *(see, Barry v Barry,* 93 AD2d 797).

Ordered that the judgment is reversed, on the law, with costs, and complaint dismissed.