■ JAMES H. REUTENAUER, Appellant, v MARY A. REUTENAUER, Respondent. [645 NYS2d 583] —Mikoll, J. Appeal from a judgment of the Supreme Court (Benson, J.H.O.), entered December 18, 1995 in Columbia County, upon a decision of the court in favor of defendant.

The parties were married August 8, 1948 and had three children, all of whom are now over 30 years of age. The parties separated on July 20, 1992 when plaintiff left the marital residence and began voluntarily paying defendant $550 per month. Plaintiff filed the summons and complaint herein on April 28, 1994 seeking a divorce based on cruel and inhuman treatment and constructive abandonment. On May 18, 1994 defendant interposed her verified answer asserting denials with counterclaims and demanding a judgment of divorce plus maintenance, equitable distribution and other relief. Defendant moved for pendente lite relief by motion served June 15, 1994 seeking counsel fees and $1,500 per month interim maintenance. On November 10, 1994 Supreme Court partially granted defendant's motion ordering plaintiff to pay $1,000 per month maintenance pendente lite, retroactive to June 15, 1994.

Upon commencement of the nonjury trial before Supreme Court, defendant stipulated to withdraw the counterclaims asserted in her answer including her demand for a divorce and leave to resume her maiden name. The evidence consisted of the testimony of the parties plus four exhibits. In a decision and order issued November 14, 1995, Supreme Court noted that it had "signed Findings, Conclusions and Judgment on September 22, 1995 in error, in the belief that the plaintiff's

attorney's submission was unopposed". Supreme Court then granted, *sua sponte*, reargument and, finding that defendant had submitted findings and conclusions of law within the allotted time, vacated its findings and conclusions signed September 22, 1995. The court then granted defendant's motion dismissing the complaint for plaintiff's failure to prove a cause of action by a fair preponderance of the credible evidence. Citing to *Brady v Brady* (64 NY2d 339), Supreme Court stated that: "The elements of cruelty and inhumanity upon which the plaintiff relied were no more than day-to-day disagreements about the parties participation in social events. The record does not contain a hint of violence or overt physically or emotionally injurious conduct by the defendant which could engender any lack of safety or propriety in the plaintiff's remaining to cohabit with her. Unhappiness alone is not enough to warrant the granting of a divorce." Accordingly, Supreme Court dismissed the complaint and awarded ancillary relief directing plaintiff to pay the costs of the action, counsel fees in the sum of $3,000 and maintenance to defendant in the sum of $1,500 per month beginning December 1, 1995. The judgment credited plaintiff for the sums voluntarily paid by him toward maintenance. Plaintiff appeals.

The judgment of Supreme Court should be modified by amending the maintenance award to reflect that payment of maintenance arrears should have been made retroactive to May 18, 1994, the date defendant commenced her action and first demanded maintenance by service of her answer upon defendant. The amount of counsel fees payable to defendant should be reduced to $2,000 consistent with the application and affidavits of counsel for defendant. The judgment as so modified should be affirmed.

Plaintiff argues that Supreme Court erred in its ruling because the proof established that the misconduct of defendant was substantial and not merely transient (*see, Brady v Brady, supra,* at 344-345; *Hessen v Hessen,* 33 NY2d 406, 411; *Blaise v Blaise,* 206 AD2d 715, 716; *Dunne v Dunne,* 172 AD2d 482; *McKilligan v McKilligan,* 156 AD2d 904). We disagree. Supreme Court could properly conclude from the conflicting testimony that plaintiff, in this 46-year marriage, failed to sustain his burden of proving by a preponderance of the credible evidence that there were any acts of overt physical violence or of emotionally injurious conduct on the part of defendant toward him which would engender any lack of safety or propriety in plaintiff remaining to cohabit with defendant (*see, Brady v Brady, supra,* at 346; *Hessen v Hessen, supra,* at 411). Defen-

dant denied that she deprived plaintiff of sexual relations during the course of the marriage, explained that she did not consider it unsafe to live with him and that up until July 1992 nothing had happened that would lead her to consult a lawyer or anybody about divorcing him. Although defendant testified that neither was happy the last couple of years, "I got married to stay married and * * * I've done nothing wrong." She also testified that the last couple of years she would talk to plaintiff but he would not talk to her. Thus, Supreme Court could properly find that there was no legal basis to grant a divorce to plaintiff based on cruel and inhuman treatment by defendant. According to Supreme Court the deference due it as the trier of fact, upon this record we will not overturn its determination (*see, Silvera v Silvera*, 147 AD2d 473, 473-474).

Plaintiff's argument that Supreme Court should not have awarded defendant arrears because the amount is unsupported by the evidence lacks merit. However, as defendant first demanded maintenance in her answer served on plaintiff by mail on May 18, 1994, the date of commencement is not April 28, 1994 but May 18, 1994 and the award of maintenance should be made retroactive back to that date; the judgment should be reduced by $1,000 accordingly. There is ample financial evidence in the record to support Supreme Court's determination as to the amount of maintenance (*see, Culnan v Culnan*, 142 AD2d 805, 808, *lv dismissed* 73 NY2d 994; *Petrie v Petrie*, 124 AD2d 449, 451, *lv dismissed* 69 NY2d 1038).

Plaintiff's contention that the award of counsel fees was improper for lack of proof is only partially correct. The affidavit of counsel for defendant dated March 4, 1995 states that the present and estimated fee for legal services in the action was $2,000 and counsel fees should be so limited. There was ample evidence in the record to support the award of counsel fees in the sum of $2,000 (*see, Reid v Reid*, 166 AD2d 811; *Shrauger v Shrauger*, 146 AD2d 955, *appeal dismissed* 74 NY2d 844).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reducing the amount payable for maintenance arrears by $1,000 and by reducing the amount payable for counsel fees to defendant to $2,000, and, as so modified, affirmed.