■ PATRICIA GAUDETTE, Respondent, v DONALD GAUDETTE, Appellant. [650 NYS2d 880] —Mikoll, J. Appeals (1) from a judgment of the Supreme Court (Ryan, Jr., J.) granting, *inter alia*, plaintiff a divorce, entered November 15, 1994 in Clinton County, upon a decision of the court, and (2) from an order of said court, entered October 12, 1995 in Clinton County, which granted plaintiff's motion to sequester certain assets of defendant for payment of, *inter alia*, child support arrears.

The parties were married in 1979. Their marriage produced three children: Matthew (born in 1980), Jessica (born in 1982) and Stephanie (born in 1984). The parties physically separated in June 1991 when plaintiff left the marital residence with the children and moved to a nearby apartment. Plaintiff petitioned Family Court for child custody and child support while defendant cross-petitioned for child custody. In December 1991, plaintiff commenced an action for divorce and other ancillary relief.

The custody issues were resolved pursuant to the parties' stipulation of settlement (hereinafter the custody stipulation) entered into before Family Court in February 1992. An order based thereon was entered in May 1992 awarding joint legal custody of the children to the parties with the children's primary residence to remain with plaintiff. Visitation rights were granted to defendant. Following a hearing on child support, the Hearing Examiner ordered that defendant (1) make weekly payments of $117 for current child support and $8 for retroactive support, (2) maintain medical insurance on the children available through his employment, and (3) pay 75% of the medical expenses not covered by such insurance. Defendant's objections to this order were denied (*see*, *Matter of Pandozy [Gaudette] v Gaudette*, 192 AD2d 779).

During pendency of his appeal from the order granting support, defendant resigned from his employment and unsuccessfully sought modification of both the support order and the custody stipulation in Family Court. Defendant then moved in Supreme Court for modification of the custody stipulation, which Supreme Court denied without prejudice to having it raised during the divorce trial.

Other court proceedings occurred and, in May 1993, plaintiff obtained a show cause order seeking to hold defendant in contempt for failure to pay court-ordered fees, support and maintenance. However, upon defendant's payment of the amounts then due, including child support arrears, plaintiff withdrew her show cause order. Defendant was then granted relief related to an error in the Clinton County Support Collection Unit's income execution process.

Plaintiff obtained a second show cause order seeking, *inter alia*, to hold defendant in contempt for nonpayment of child support; however, the matter was reserved for resolution at the divorce trial which commenced on September 19, 1994. Following plaintiff's direct examination, the parties entered into a stipulation of settlement whereby defendant consented to allow plaintiff to present proof of the grounds for the divorce; plaintiff supplied such proof in an affidavit. In November 1994, judgment was entered for a divorce which incorporated but did not merge the stipulation of settlement of September 19, 1994.

In December 1994, plaintiff's third motion by order to show cause sought, *inter alia*, to hold defendant in contempt for failure to make child support payments as required in the November 1994 judgment. Supreme Court, *inter alia*, denied defendant's motion to vacate the November 1994 settlement, appointed a receiver of the mortgage proceeds and adjourned plaintiff's motion to hold defendant in contempt.

In May 1995, plaintiff moved in her fourth order to show cause to, *inter alia*, suspend defendant's visitation. Supreme Court resolved the outstanding issues from plaintiff's third and fourth show cause orders in an order entered in October 1995, which, *inter alia*, awarded plaintiff counsel fees of $4,825.50. Defendant appeals from this order as well as from the November 1994 judgment.

The November 1994 judgment should be affirmed. So much of the October 1995 order as granted plaintiff's application for counsel fees should be reversed and the matter remitted to Supreme Court for a hearing on the amount of counsel fees.

To the extent that defendant's appeal from the November 1994 divorce judgment seeks review of issues resolved by the parties' September 1994 settlement, it is not reviewable in this Court. The appropriate remedy for determining the propriety of issues resolved within the parties' September 1994 settlement is a motion in Supreme Court to set aside the settlement (*see, Hagfors v Hagfors*, 200 AD2d 873, 874; *Hopkins v Hopkins*, 97 AD2d 457, 458). Defendant's motion to vacate the settlement on the basis that he was coerced into accepting it was denied by Supreme Court by order entered March 1, 1995. As no appeal was taken from that order, defendant errs in seeking relief from the September 1994 settlement through an appeal from the divorce judgment which incorporated, but did not merge, such settlement (*see generally, Hopkins v Hopkins, supra*, at 458). Thus, issues resolved in the September 1994 settlement such as maintenance, custody, visitation, child support (including arrears), tax exemptions, back taxes and equitable distribution will not be reviewed on these appeals.

Many of defendant's *pro se* arguments are outside the scope of the issues decided in the judgment and order being appealed, have not been preserved for review by proper objection, or are otherwise inappropriate for review and will not be considered on this appeal. Likewise, issues raised for which defendant has received relief and by which he is not aggrieved will also not be considered.

We reject defendant's claims that he was not permitted to respond to plaintiff's direct testimony at trial on September 19, 1994, that he was not permitted to present evidence of plaintiff's activities and history, that the withdrawal of his opposition to plaintiff's demand for a divorce was done without his consent, and that plaintiff was without grounds upon which she could be granted a divorce. The parties' September 1994 settlement made further testimony by plaintiff and evidence on the issues unnecessary. The record indicates that defendant voluntarily gave his consent to the settlement agreement.

Contrary to defendant's claim, there was sufficient proof that defendant's conduct could be found to constitute cruel and inhuman treatment pursuant to Domestic Relations Law § 170 (1) (*see, Fuchs v Fuchs*, 216 AD2d 648; *cf., Doyle v Doyle*, 214 AD2d 918, 919, *lv denied* 87 NY2d 803). Supreme Court has wide discretion regarding alleged cruel and inhuman treatment as a ground for divorce (*see, Guneratne v Guneratne*, 214 AD2d 871, 872; *William MM. v Kathleen MM.*, 203 AD2d 883, 884). Medical testimony concerning the effects of the alleged cruelty on plaintiff was not necessary on these facts (*see, Brooks v Brooks*, 191 AD2d 1042, 1043). Consequently, Supreme Court's November 1994 judgment should not be disturbed.

Defendant's claim that Supreme Court, after indicating that it would schedule a hearing, improperly awarded counsel fees in its order of October 12, 1995 based solely on the statement of account of plaintiff's counsel without first conducting a hearing at which the financial condition of the parties could be examined and at which defendant could test the accuracy of the claimed services regarding time and value. We find this claim to be meritorious (*see, Petritis v Petritis*, 131 AD2d 651, 653-654; *Price v Price*, 115 AD2d 530, 530-531; *cf., Silberman v Silberman*, 216 AD2d 41, *appeal dismissed* 86 NY2d 835). Therefore, the matter should be remitted for such hearing and determination.

We have considered defendant's other arguments of error and find that they are without merit.

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's application for counsel fees; matter remitted to the Supreme Court for a hearing on the issue of the amount of counsel fees to be awarded; and, as so modified, affirmed.