■ Larry A. Sim, Appellant, v Bonnie J. Sim, Respondent. [659 NYS2d 574] —Carpinello, J. Appeal from an order of the Supreme Court (Caruso, J.) denying plaintiff a divorce, entered April 18, 1996 in Schenectady County, upon a decision of the court.

In November 1994, plaintiff commenced this action for divorce on the ground of cruel and inhuman treatment (*see,* Domestic Relations Law § 170 [1]). The parties had been married for 11 years and have two children born in March 1982 and July 1986. Following the close of plaintiff's proof during a nonjury trial, Supreme Court granted defendant's motion for a directed verdict on the ground that plaintiff failed to establish defendant's cruel and inhuman treatment of him. We affirm.

We reject plaintiff's contention that he presented evidence sufficient to support a finding that defendant's conduct so endangered his physical or mental well-being as to render it unsafe or improper for him to cohabitate with her (*see,* Domestic Relations Law § 170 [1]). A high degree of proof is required to dissolve the parties' 11-year marriage on a fault ground (*see, Brady v Brady*, 64 NY2d 339, 343-344), and Supreme Court's determination as the fact finder will not be lightly overturned by this Court (*see, William MM. v Kathleen MM.*, 203 AD2d 883, 884). Significantly, a finding that the continuation of a marriage would be perpetuating a "dead" marriage does not satisfy the statutory requisites (*see, Brady v Brady, supra,* at 345-346; *William MM. v Kathleen MM., supra,* at 884; *Pone v Pone*, 129 AD2d 957, 958).

The record establishes that defendant had an extramarital affair with a co-worker for a four-month period during the parties then nine-year marriage. Plaintiff, however, forgave defendant for this transgression. Indeed, following her disclosure, the parties sought counseling and renewed their wedding vows on two separate occasions. Although defendant allegedly failed to disclose post-affair contact between herself and her paramour, there was no evidence that the affair continued after December 1992. More importantly, although upset by defendant's alleged dishonesty, plaintiff was aware that she had withheld details from him prior to the public renewal of their wedding vows on their 10th wedding anniversary.

Plaintiff testified that he no longer trusted defendant and filed for divorce because he had known for some time that "[the marriage] was dead" and he had only been "hanging on for the kids * * * hoping maybe something would change". Evidence concerning plaintiff's physical and mental well-being included testimony that he had lost weight and was depressed and that his sexual relations with his wife were impaired, although we note that the parties continued to have intimate relations on a regular basis in the year preceding the divorce action.

Plaintiff's evidence establishes a marriage that had become "dead" and without adequate trust between the couple. While

certainly serious, we cannot say that Supreme Court abused its discretion in finding that defendant's behavior did not establish a course of conduct which so endangered plaintiff's physical or mental well-being as to make continued cohabitation unsafe or improper (*see, e.g., Doyle v Doyle*, 214 AD2d 918, *lv denied* 87 NY2d 803; *cf., Fuchs v Fuchs*, 216 AD2d 648; *Richardson v Richardson*, 186 AD2d 946, *lv dismissed, lv denied* 81 NY2d 867; *Wilkinson v Wilkinson*, 149 AD2d 842), the standard which we are obligated to apply.

Plaintiff's remaining contentions have been reviewed and rejected as meritless.

Cardona, P. J., Mercure, White, and Casey, JJ., concur. Ordered that the order is affirmed, without costs.