■ Ronald Gray, Respondent, v Patricia Gray, Appellant. [664 NYS2d 878] —Crew III, J. Appeal from a judgment of the

Supreme Court (Torraca, J.) granting plaintiff a divorce, entered October 2, 1995 in Ulster County, upon a decision of the court.

Plaintiff commenced this action for divorce in October 1993 alleging cruel and inhuman treatment (see, Domestic Relations Law § 170 [1]). The parties were married in October 1986 and apparently have no children. Following a nonjury trial, at which plaintiff, defendant and the certified social worker with whom plaintiff had treated appeared and testified, Supreme Court granted plaintiff a divorce upon the stated ground. This appeal by defendant ensued.

We affirm. As the party seeking a divorce on the ground of cruel and inhuman treatment, plaintiff bore the burden of establishing by a preponderance of the credible evidence (see generally, Reutenauer v Reutenauer, 229 AD2d 776, 777) that "defendant's conduct so endangered his physical or mental well-being as to render it unsafe or improper for him to cohabit with her" (Sim v Sim, 241 AD2d 660, 661). In this regard, Supreme Court is vested with broad discretion in determining whether the acts alleged constitute cruel and inhuman treatment (see, Gaudette v Gaudette, 234 AD2d 619, 622, appeal dismissed 89 NY2d 1023) and, as the trier of fact, its decision on this issue will not be overturned lightly on appeal (see, Sim v Sim, supra, at 661).

Based upon our review of the record as a whole, we cannot say that Supreme Court abused its discretion in determining that defendant's conduct indeed rose to the level of cruel and inhuman treatment. Although Supreme Court's decision does contain two factual errors, plaintiff's testimony, which Supreme Court plainly credited, regarding the marked change in defendant's religious beliefs and practices and her ensuing conduct toward plaintiff, his friends and his family, coupled with the testimony of the certified social worker as to the effect that continued cohabitation would be likely to have upon plaintiff, nonetheless is sufficient to sustain the court's finding of cruel and inhuman treatment. Defendant's remaining contentions, including her assertion that Supreme Court erred in permitting plaintiff to reopen his case, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.