■ FADIA MIKHAIL, Respondent, v RAOUF MIKHAIL, Appellant. [676 NYS2d 272] —Spain, J. Appeal from a judgment of the Supreme Court (Keegan, J.) granting plaintiff a divorce, entered October 28, 1997 in Albany County, upon a decision of the court.

The parties were married in Cairo, Egypt, in 1978 and moved to the United States immediately thereafter. The parties have two children who were born in 1980 and 1989. According to plaintiff's testimony the marriage began to decline in 1992 when defendant began to discuss some disturbing bible interpretations and revelations that he was having. At the same time, sexual relations declined and eventually ended between the parties. Plaintiff commenced this action for divorce in September 1995, alleging that defendant's behavior constituted cruel and inhuman treatment. Plaintiff amended the complaint two times to include the ground of constructive abandonment and additional factual allegations. Defendant answered requesting that the case against him be dismissed. After a nonjury trial on the issue of fault, Supreme Court granted plaintiff a divorce based on cruel and inhuman treatment and constructive abandonment. Defendant appeals.

We affirm. Initially, we agree with Supreme Court that the evidence supports a finding of constructive abandonment. An action for divorce may be established on the ground of abandonment of the plaintiff by the defendant for a period of at least one year (Domestic Relations Law § 170 [2]). The burden of proof is on the plaintiff to show that the "other spouse has refused to 'fulfill the basic obligations of the marriage relationship for a period of one year or more and that said conduct [was] unjustified and without the consent of the abandoned spouse'" (Wallin v Wallin, 233 AD2d 699, 700, lv denied 89 NY2d 815, quoting Hage v Hage, 112 AD2d 659, 661). Here, plaintiff testified that there was a complete end to the parties' marital relations after 1993. Although defendant argues that there were marital relations after 1993, it is clear that Supreme Court credited plaintiff's testimony in this regard. We reject defendant's claim that plaintiff did not demonstrate that the abandonment was only one sided. Plaintiff's sworn testimony regarding the unjustified breakdown of marital relations more than one year before she commenced this action for divorce is sufficient to establish the ground of constructive abandonment (see, e.g., Casale v Casale, 111 AD2d 737, lv denied 66 NY2d 603).

We also conclude that Supreme Court properly granted the divorce on the ground of cruel and inhuman treatment (*see*, Domestic Relations Law § 170 [1]). Supreme Court, as the trier of fact, has broad discretion over determining whether the conduct of the defendant rises to the level of cruel and inhuman treatment (*see, Gaudette v Gaudette*, 234 AD2d 619, *appeal dismissed* 89 NY2d 1023) and its determination will be overturned only if an abuse of discretion is found (*see, Gray v Gray*, 245 AD2d 584, 585). Here, plaintiff presented extensive testimony detailing the changes in defendant's behavior and the effect of those changes on her physical and mental well-being. Two witnesses corroborated plaintiff's testimony by describing the noticeable effects on plaintiff. Plaintiff testified that defendant's religious beliefs were frightening to her and the manner in which he espoused those beliefs caused her to be nervous, anxious and lose 25 pounds when she was already quite thin to begin with (*see, e.g., id.*, at 585). The lack of medical evidence or expert testimony regarding the effect of defendant's behavior on her is not fatal to plaintiff's case but, rather, it is relevant in determining the sufficiency of the evidence (*see, Doyle v Doyle*, 214 AD2d 918, *lv denied* 87 NY2d 803). Given defendant's continuous litany of revelations and the detrimental effect of his bizarre behavior on plaintiff, we conclude that plaintiff sustained her burden of proof with regard to cruel and inhuman treatment by defendant.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.