■ JUDITH E. BAILEY, Respondent, v MARTIN J. BAILEY, Appellant. [683 NYS2d 321] —Graffeo, J. Appeal from a judgment of the Supreme Court (Mugglin, J.) granting plaintiff a divorce, entered August 13, 1997 in Delaware County, upon a decision of the court.

The parties were married in August 1969 and have four children. In June 1995, plaintiff commenced this action for divorce alleging cruel and inhuman treatment (*see*, Domestic Relations Law § 170 [1]). At the conclusion of a nonjury trial, Supreme Court granted plaintiff a divorce and this appeal by defendant ensued.

In an action for divorce based on cruel and inhuman treatment it must be established that defendant's conduct was so threatening to plaintiff's physical or mental well-being as to render it unsafe or improper to continue cohabitation (*see, Gray v Gray*, 245 AD2d 584, 585; *Wilson v Wilson*, 244 AD2d 646, 647; *Sim v Sim*, 241 AD2d 660, 661). When evaluating whether plaintiff has satisfied his or her burden, Supreme Court is accorded broad discretion and as a trier of fact its determination should not be lightly set aside (*see, Mikhail v Mikhail*, 252 AD2d 772, 773; *Gray v Gray, supra*, at 585; *Gaudette v Gaudette*, 234 AD2d 619, 622, *appeal dismissed* 89 NY2d 1023).

A review of the entire record supports Supreme Court's finding that defendant's conduct constituted cruel and inhuman treatment. Plaintiff's testimony, which the court clearly found credible, revealed that defendant physically assaulted plaintiff on at least one occasion, causing facial and other injuries. Defendant also threatened to kill plaintiff and to commit suicide if she chose to leave him. Further testimony described the prolonged erosion of defendant's relationship with his wife and children, including changes in his conduct manifesting

threatening and noncommunicative behavior, refusal to socialize with plaintiff's family and acquaintances, rejection of marriage counseling, and the cessation of regular cleansing and bathing. Based on the foregoing and cognizant of the long duration of this marriage (*see, Brady v Brady*, 64 NY2d 339, 344; *Allwell v Allwell*, 252 AD2d 683, 684; *Hage v Hage*, 112 AD2d 659, 660-661), we find no abuse in Supreme Court's determination that plaintiff established by a preponderance of the credible evidence that defendant's conduct endangered plaintiff's physical and mental well-being, constituting cruel and inhuman treatment as defined by Domestic Relations Law § 170.

Furthermore, defendant's assertion that proof of physical abuse in terms of medical treatment or counseling in connection with the injuries inflicted by defendant is necessary to establish abuse is without merit. Although plaintiff's failure to submit medical proof may be considered by a court in determining the sufficiency of evidence involving a long-term marriage (*see, Doyle v Doyle*, 214 AD2d 918, 919, *lv denied* 87 NY2d 803), the decision to not seek medical or psychiatric treatment is not dispositive (*see, Brooks v Brooks*, 191 AD2d 1042, 1043) and it was within Supreme Court's discretion to credit plaintiff's testimony that she was physically abused. Additionally, defendant's contention that Supreme Court erred in permitting plaintiff's testimony regarding prior instances of physical abuse not contained in the complaint has not been preserved for review since defendant failed to timely object to this testimony (*see, Osborne v Schoenborn*, 216 AD2d 810, 811).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.