■ PATRICIA M. DELLIVENERI, Respondent, v GARY DELLIVENERI, Appellant. [710 NYS2d 737] —Spain, J. Appeal from a judgment of the Supreme Court (Hughes, J.) granting, *inter alia*, plaintiff a divorce, entered September 13, 1999 in Schoharie County, upon a decision of the court.

The parties married in 1982 and have two children. Plaintiff commenced this action for divorce in 1998 and a nonjury trial was held on the issue of fault at which plaintiff and defendant were the only witnesses to testify. Supreme Court issued a decision and judgment granting, *inter alia*, a divorce based on cruel and inhuman treatment. Defendant appeals, contending, *inter alia*, that the evidence adduced at the trial does not support a finding of cruel and inhuman treatment.

We affirm. Cruel and inhuman treatment must be such that defendant's conduct "so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]; *see*, *Brady v Brady*, 64 NY2d 339, 343; *Doyle v Doyle*, 214 AD2d 918, 919, *lv denied* 87 NY2d 803). Significantly, "Supreme Court, as the trier of fact, has broad discretion over determining whether the conduct of the defendant rises to the level of cruel and inhuman treatment" (*Mikhail v Mikhail*, 252 AD2d 772, 773; *see*, *Stricos v Stricos*, 263 AD2d 659, 661) and is given great deference in the resolution of credibility issues (*see*, *Newkirk v Newkirk*, 212 AD2d 951, 952). Its determination on the issue of cruel and inhuman treatment will not be overturned lightly on appeal (*see*, *Clarkson v Clarkson*, 103 AD2d 964, 965). In this marriage of relatively long duration, i.e., 16 years, a high degree of proof is required to es-

tablish cruel and inhuman treatment (*see, Brady v Brady, supra,* at 344-345).

Here, plaintiff testified that the money defendant gave her from his pay was inadequate, that he was an alcoholic and addicted to prescription drugs which led to four driving-related arrests and convictions, a 10-month period of incarceration and the loss of a very good job at General Electric Company. Plaintiff further testified that defendant exposed her to a venereal disease which she contracted and which led to a hysterectomy, and that his long-term irresponsible conduct was stressful and embarrassing, causing her to suffer from depression. As a result, she gained weight, needed counseling, had to take medication—including Prozac—and missed employment. While admitting to alcohol abuse, drug abuse, the arrests, the jail time and the loss of his job, defendant's testimony generally contradicted that of plaintiff, suggesting that there were other reasons for plaintiff's depression. Although the couple argued, there was no physical violence in the relationship.

Relying, *inter alia,* upon proof of defendant's alcohol abuse, drug abuse, sporadic financial support, exposure of plaintiff to a communicable disease resulting in major surgery and her treatment for depression, all of which occurred within the five-year period preceding the commencement of this action, Supreme Court determined that defendant's conduct constituted cruel and inhuman treatment causing plaintiff to suffer pain, stress, embarrassment and humiliation. While no medical proof was offered to establish that defendant's conduct adversely affected plaintiff's health, the failure to submit medical proof is not necessarily fatal to an action based upon cruel and inhuman treatment (*see, Bailey v Bailey,* 256 AD2d 1030, 1031; *Mikhail v Mikhail, supra,* at 773). Upon our review of the record before us, we conclude that the evidence was sufficient to establish that defendant's conduct endangered plaintiff's physical and mental well-being which rendered it unsafe and improper to continue cohabitation (*compare, Niles v Niles,* 126 AD2d 874; *Clarkson v Clarkson,* 103 AD2d 964, *supra, with Doyle v Doyle,* 214 AD2d 918, *supra*).

Defendant's remaining contentions are either unpreserved for our review or without merit.

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.