■ Elizabeth A. Collins, Respondent, v Danny G. Collins, Appellant. [726 NYS2d 777] —Peters, J. Appeal from a judgment of the Supreme Court (Rogers, J.), entered October 1, 1999 in St. Lawrence County, *inter alia*, upon a verdict granting plaintiff a divorce.

The parties were married on May 20, 1978 and have three children. In April 1997, plaintiff commenced this action for divorce on the ground of cruel and inhuman treatment. A jury trial was held. Plaintiff, limiting events to the period between 1992 through 1997, recounted that defendant independently decided to use marital funds to purchase a hunting camp on property located five hours from the marital residence, despite her prior complaints that he spend more time with the family. He spent significant periods of time there during the ensuing winters, ultimately explaining that he considered it his home and a reprieve from her. Two years after the purchase of the hunting camp, he contracted to purchase a house located on a large parcel of property that adjoined the marital residence, again without consultation. Plaintiff described defendant as

spending little time at home, eating all meals in restaurants, notwithstanding the family's financial constraints, and refusing to inform her of where he could be reached in case of an emergency. During the winters of 1995 and 1996, he further volunteered his services to St. Lawrence County to groom miles of snowmobile trails.

Plaintiff also detailed numerous family occasions where defendant was expected to attend and either arrived late or failed to appear at all. Left with substantial responsibility for not only the family construction and trucking business but also her infirm parents and the parties' children, all during a time where she experienced a number of medical problems for four consecutive years—a hysterectomy in 1991, a fractured arm in 1992, gallbladder complications in 1993 and an ovarian cyst removal in 1994—she testified, as confirmed by three independent witnesses, that her emotional health suffered dramatically, causing extreme physical manifestations. For these reasons, she vacated the martial residence in 1997, taking the children with her.

Despite the obvious stressors to which plaintiff was subjected, defendant repeatedly opined that her behavior, and thus her desire to leave, was precipitated by a hormonal imbalance brought on by her hysterectomy in 1991. He ascribed her change in behavior as motivated by the devil, thus accounting for the several occasions where she woke in the middle of the night to find him making the sign of the cross over her, praying that she would abandon her plans to leave. Plaintiff testified to the threatening behaviors that defendant exhibited even after she vacated the marital residence which warranted the imposition of a temporary restraining order and her move farther away. At the close of plaintiff's proof, defendant's counsel moved for dismissal for failure to make out a prima facie case of cruel and inhuman treatment. Supreme Court denied the motion.

Defendant's proof included not only his own testimony but also that of their 16-year-old son, with whom he resided. They testified that plaintiff suffered from severe mood swings following her 1991 hysterectomy and that, despite all prior testimony, defendant was frequently at home and a participant in family activities prior to plaintiff's vacatur.

After the close of proof, issues pertaining to child custody, support, spousal maintenance and the equitable distribution of marital property were resolved by stipulation. Thus, the only issue left to be determined was whether plaintiff should be awarded a judgment of divorce on the ground of cruel and inhu-

man treatment. Upon a verdict rendered in favor of plaintiff, this appeal ensued.

Preliminarily, we find no error in the denial of the motion seeking judgment after the close of plaintiff's proof since such motion should only be granted "where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the non-moving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556; *see, Vaiana v Vaiana*, 272 AD2d 916, 916-917); the opponent must be accorded every favorable inference with "the facts * * * considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat, supra,* at 556). Thus, in seeking a divorce on the ground of cruel and inhuman treatment, plaintiff was required to establish "by a preponderance of the credible evidence * * * that 'defendant's conduct so endangered [her] physical or mental well-being as to render it unsafe or improper for [her] to cohabit with [him]' " (*Gray v Gray*, 245 AD2d 584, 585, quoting *Sim v Sim*, 241 AD2d 660, 661 [citation omitted]; *see,* Domestic Relations Law § 170 [1]). By our review, Supreme Court's preliminary determination was well supported and wholly within its broad discretionary powers (*see, Gray v Gray, supra,* at 585; *Gaudette v Gaudette*, 234 AD2d 619, 622, *appeal dismissed* 89 NY2d 1023).

Nor do we find error in the verdict rendered. Acknowledging the higher burden placed upon one seeking to dissolve a marriage of long duration (*see, Delliveneri v Delliveneri*, 274 AD2d 798, 798-799, *lv denied* 95 NY2d 767), we cannot find that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached * * * on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). Such a finding would have had to ignore that the jury fully credited plaintiff's recitation of the effects that defendant's emotional and physical absence from the marriage had upon her health. Despite his contrary testimony, which the jury was empowered to discredit, sufficient evidence was presented to support the conclusion that the cumulative effects of defendant's conduct threatened her physical or mental well-being, rendering it unsafe and/or improper for her to continue to cohabit with him (*see,* Domestic Relations Law § 170; *see also, Shortis v Shortis*, 274 AD2d 880, 881; *Bailey v Bailey*, 256 AD2d 1030; *Mikhail v Mikhail*, 252 AD2d 772, 773). The absence of medical testimony linking defendant's behavior to plaintiff's physical symptoms merely went to the sufficiency of the evidence (*see, Mikhail v Mikhail, supra,* at 773).

Mercure, J. P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.