■ SUEKO OMAHEN, Respondent, v JAMES L. OMAHEN, Appellant. [735 NYS2d 236] —Mercure, J. Appeal from a judgment of the Supreme Court (Coccoma, J.) granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered November 28, 2000 in Delaware County, upon a decision of the court.

The parties were married in 1985. They have two children. Plaintiff vacated the marital residence in September 1998 and, in June 1999, she commenced this action for divorce based upon defendant's alleged cruel and inhuman treatment. Ultimately, the matter came on for a nonjury trial, following

---

which Supreme Court granted judgment in favor of plaintiff. Defendant appeals, contending that the trial evidence was insufficient to support Supreme Court's finding of cruel and inhuman treatment (Domestic Relations Law § 170 [1]) and also challenging so much of Supreme Court's distribution of marital property as awarded plaintiff a separate property credit of $21,000 from the sale of the marital residence.

In interpreting Domestic Relations Law § 170 (1), the Court of Appeals has consistently held that in order to make out a prima facie case of cruel and inhuman treatment, a party must show something more than "mere incompatibility" and "serious misconduct [must] be distinguished from trivial" (*Hessen v Hessen*, 33 NY2d 406, 410; *see, Brady v Brady*, 64 NY2d 339, 343-344; *Echevarria v Echevarria*, 40 NY2d 262; *Denny v Denny*, 65 AD2d 658, *affd* 48 NY2d 915). Consistent with that view, this Court has held: "Cruelty implies wantonness or the intent to inflict suffering or conduct of such character as to seriously affect or impair the health of a spouse as to render cohabitation unsafe or improper. A plaintiff is, therefore, required to show a pattern of actual physical violence or other conduct which seriously affected the plaintiff's health, making further cohabitation unsafe" (*Wilson v Wilson*, 244 AD2d 646, 647, quoting Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:3, at 397). Further, although the failure to present medical evidence may not be fatal to a claim for cruel and inhuman treatment, the absence of such evidence is a relevant consideration in evaluating the sufficiency of the proof (*see, Doyle v Doyle*, 214 AD2d 918, 919, *lv denied* 87 NY2d 803).

Here, plaintiff acknowledges that defendant never subjected her to any physical abuse or even swore at her prior to their separation. Further, much of the conduct that plaintiff complains of, consisting primarily of boorish behavior, bigoted comments or name calling, was directed not at her but at third parties. In fact, the only conduct that appears to have directly impacted plaintiff was defendant's choice to spend much of his free time working to renovate the parties' income-producing properties and his unfortunate tendency to ridicule plaintiff concerning her difficulties understanding American culture (plaintiff is of Japanese descent) and calling plaintiff a "Japanese Polack." Even there, plaintiff acknowledged that she had initially thought it was funny to be called that name and that she never asked defendant to stop saying it. Further, although plaintiff testified that defendant's conduct would make her feel lonely and isolated and that his taunts often made her cry,

there was no apparent ill effect on plaintiff's health. The only physical manifestation testified to by plaintiff was a gradual weight gain of approximately 14 pounds over a period of four to five years and the subsequent loss of approximately 10 pounds.

Courts have consistently held that merely unpleasant conduct, such as name calling or a cold, uncommunicative and unsympathetic manner, does not of itself constitute cruel and inhuman treatment within the purview of Domestic Relations Law § 170 (1) (*see, Wikiera v Wikiera*, 233 AD2d 896; *Newkirk v Newkirk*, 212 AD2d 951; *William MM. v Kathleen MM.*, 203 AD2d 883; *Moss v Moss*, 187 AD2d 775, *lv denied* 81 NY2d 709; *Dattoria v Dattoria*, 161 AD2d 1009; *Meier v Meier*, 156 AD2d 348, *lv dismissed* 75 NY2d 946; *Hage v Hage*, 112 AD2d 659; *Breckinridge v Breckinridge*, 103 AD2d 900; *Gemayel v Gemayel*, 63 AD2d 831). Furthermore, the unhappiness and embarrassment suffered by plaintiff had no apparent effect on her physical or mental health and provides no basis for a finding that cohabitation with defendant would be either unsafe or improper (*see, Murphy v Murphy*, 257 AD2d 798; *Wilson v Wilson*, 244 AD2d 646, *supra*; *Passante v Passante*, 206 AD2d 770; *Gemayel v Gemayel*, *supra*). Under the circumstances, we agree with defendant that the evidence adduced at trial fell far short of establishing that his conduct was cruel and inhuman within the meaning of Domestic Relations Law § 170 (1) and we therefore have no alternative but to reverse Supreme Court's judgment and dismiss the complaint.

Defendant's remaining contention has been rendered academic.

Cardona, P. J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and complaint dismissed.