■ DANIEL S. PFOLTZER, Respondent, v GLORIA J. MORRIS-PFOLTZER, Appellant. [779 NYS2d 668]—

Carpinello, J. Appeal from an amended judgment of the Supreme Court (Cannizzaro, J.), entered March 7, 2002 in Albany County, granting plaintiff a divorce, upon a decision of the court.

Supreme Court granted plaintiff a divorce following the parties' 15-year marriage on the ground of cruel and inhuman treatment. Defendant appeals, arguing that there was insufficient evidence upon which to grant plaintiff a divorce on this ground. Noting that Supreme Court's determination as the factfinder on this issue will not be lightly disturbed by this Court (*see e.g. Delliveneri v Delliveneri*, 274 AD2d 798 [2000], *lv denied* 95 NY2d 767 [2000]; *Clarkson v Clarkson*, 103 AD2d 964, 965 [1984]), we disagree with defendant's contention and accordingly affirm.

Domestic Relations Law § 170 (1) provides that a divorce will be granted on a theory of cruel and inhuman treatment after a showing "that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant." "[I]n order to make out a prima facie case of cruel and inhuman treatment, a party must show something more than 'mere incompatibility' and 'serious misconduct [must] be distinguished from trivial' " (*Omahen v Omahen*, 289 AD2d 890, 891 [2001], *lv denied* 97 NY2d 613 [2002], quoting *Hessen v Hessen*, 33 NY2d 406, 410 [1974]). While a high degree of proof of serious or substantial misconduct was required in this case owing to the long duration of the parties' marriage (*see Brady v Brady*, 64 NY2d 339, 343-344 [1985]; *Doyle v Doyle*, 214 AD2d 918, 919 [1995], *lv denied* 87 NY2d 803 [1995]), we are satisfied that plaintiff made such a showing in this case (*cf. Murphy v Murphy*, 257 AD2d 798 [1999]; *Sim v Sim*, 241 AD2d 660, 661-662 [1997]).

The evidence revealed that defendant has engaged in a constant barrage of harassing and controlling behavior toward plaintiff, often underscored by harsh religious accusations. According to plaintiff, defendant has alienated him from certain

members of his family and he was forced to obtain a temporary order of protection to remove his personal items from the marital residence following his departure therefrom. He also obtained an order of protection preventing defendant from continuing to make harassing telephone calls. The record further reveals that defendant has engaged in a course of verbal and mental abuse by harassing and embarrassing plaintiff with public accusations that he has loathsome personal hygiene, has engaged in sexual-related criminal conduct and that he suffers from a particular venereal disease, as well as Acquired Immune Deficiency Syndrome.

The evidence also sufficiently established that the anguish and embarrassment suffered by plaintiff has had an effect on his physical and mental health thus providing a basis for the finding that cohabitation with defendant would be either unsafe or improper (*see e.g. Delliveneri v Delliveneri, supra*; *Rheinheimer v Rheinheimer*, 235 AD2d 742 [1997]; *Niles v Niles*, 126 AD2d 874 [1987]; *Clarkson v Clarkson, supra*; *cf. Omahen v Omahen, supra*). Plaintiff was receiving medical treatment for a stress-related ulcer at the time of the trial and had been receiving mental health counseling for some time to address his depression and to help him understand and overcome the abusive relationship between himself and defendant. Indeed, for a one-year period in the latter part of the parties' marriage, plaintiff had been prescribed medication to treat his depression caused by the turmoil in the marriage.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the amended judgment is affirmed, without costs.