■ WAYNE A. CONRAD, Respondent, v MARY T. CONRAD, Appellant. [790 NYS2d 594]—

Spain, J. Appeal from that part of a judgment of the Supreme Court (Nolan, Jr., J.), entered March 29, 2004 in Saratoga County, granting plaintiff a divorce, upon a decision of the court.

The parties were married on July 24, 1976 and there are no children of this union. Alleging marital difficulties since 1995, plaintiff commenced an action for divorce in March 2003 on the grounds of cruel and inhuman treatment and physical and constructive abandonment. After a bench trial on the issue of fault, Supreme Court dismissed that part of the complaint alleging abandonment, but granted plaintiff a divorce on the basis of cruel and inhuman treatment. A stipulation of settlement pertaining to the equitable distribution of the parties' property was incorporated by reference into the judgment. Defendant appeals, contending that the evidence was insufficient to support granting plaintiff a divorce on this ground.

We affirm. An action for divorce may be maintained on the grounds of "cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). "[I]n order to make out a prima facie case of cruel and inhuman treatment, a party must show something more than 'mere incompatibility' and

'serious misconduct [must] be distinguished from trivial' "
(*Omahen v Omahen*, 289 AD2d 890, 891 [2001], *lv denied* 97
NY2d 613 [2002], quoting *Hessen v Hessen*, 33 NY2d 406, 410
[1974]; *accord Pfoltzer v Morris-Pfoltzer*, 9 AD3d 615, 616
[2004]).

According to plaintiff's uncontroverted testimony, the marriage began to disintegrate in 1995 when he sought mental health counseling to address work-related difficulties and defendant was unsupportive. Thereafter, numerous actions by defendant further aggravated plaintiff's insomnia, depression and related disorders. In addition, defendant moved out of the parties' shared bedroom in 1998 and the parties have not engaged in sexual relations since at least 1999.

As the trier of fact, Supreme Court is vested with broad discretion in determining when a spouse's conduct rises to the level of cruel and inhuman (*see Gaudette v Gaudette*, 234 AD2d 619 [1996], *appeal dismissed* 89 NY2d 1023 [1997]; *see also Collins v Collins*, 284 AD2d 743 [2001]) and its determination will not be disturbed where, as here, it is sufficiently supported in the record and reflects a provident exercise of that discretion (*see Collins v Collins, supra*; *Gray v Gray*, 245 AD2d 584, 585 [1997]; *see also Pfoltzer v Morris-Pfoltzer, supra*). The trial court's factual determinations and assessments of witness credibility are also entitled to deference (*see Clarkson v Clarkson*, 103 AD2d 964 [1984]).

Supreme Court, taking into account plaintiff's fragile mental health, found that defendant's conduct rendered it improper for plaintiff to continue to cohabit with defendant. The court properly relied upon defendant's failure to engage in sexual relations with plaintiff since at least 1999, defendant's name-calling during periods when plaintiff was being treated for mental health problems, and defendant's controlling behavior and repeated accusations of infidelity. In addition, as the court noted, the parties agreed that they had essentially been living separate lives under the same roof since 1998. While testimony by plaintiff's physicians did not, by itself, establish a direct causal connection between the parties' marital difficulties and plaintiff's depression and related chest pains, the court rationally concluded that it was clear from the evidence as a whole that plaintiff's impaired health was at least in part attributable to the "deplorable state of his marriage."

While a review of the record shows that plaintiff was not blameless in the parties' difficulties, Supreme Court's determination was nevertheless sufficiently supported by the evidence presented (*see Pfoltzer v Morris-Pfoltzer, supra* at 617; *Del-*

*liveneri v Delliveneri*, 274 AD2d 798, 799 [2000], *lv denied* 95 NY2d 767 [2000]).

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.