■ XIAOKANG XU, Respondent, v XIAOLING SHIRLEY HE, Appellant. [804 NYS2d 867]—

Mercure, J. Appeal from a judgment of the Supreme Court

(Eidens, J.), entered January 3, 2005 in Schenectady County, inter alia, granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in China in February 1987 and have no children. After 16 years of tumultuous marriage, plaintiff commenced this action for a divorce in 2003. Following joinder of issue, whereby defendant contested the divorce, a bifurcated trial was conducted. Supreme Court ultimately granted plaintiff a divorce on the basis of cruel and inhuman treatment, ordered equitable distribution of the marital property, and directed plaintiff to pay defendant durational maintenance. Defendant appeals, arguing that the evidence was insufficient to support a finding of cruel and inhuman treatment. We disagree.

The dissolution of a marriage upon the ground of cruel and inhuman treatment is warranted when the defendant's conduct "so endangers the physical or mental well being of the plaintiff as [to] render[ ] it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). When the marriage is of a long duration, as here, a high degree of proof regarding serious or substantial misconduct is required (*see Pfoltzer v Morris-Pfoltzer*, 9 AD3d 615, 616 [2004]; *Delliveneri v Delliveneri*, 274 AD2d 798, 798-799 [2000], *lv denied* 95 NY2d 767 [2000]). Nevertheless, Supreme Court, as the trier of fact, is vested with broad discretion in determining whether a spouse's conduct rises to the level of cruel and inhuman treatment, and its assessment of witness credibility is entitled to deference (*see Conrad v Conrad*, 16 AD3d 794, 795 [2005]; *Delliveneri v Delliveneri, supra* at 798). Thus, the court's determination on the issue of cruel and inhuman treatment will not be lightly overturned on appeal (*see Pfoltzer v Morris-Pfoltzer, supra* at 616; *Newkirk v Newkirk*, 212 AD2d 951, 952 [1995]).

The evidence adduced at trial revealed that on several occasions, during verbal disagreements, defendant summoned the police to the marital residence for the purpose of scaring and upsetting plaintiff. In addition, when plaintiff's parents were staying with the parties, defendant verbally attacked them, threatened to have them arrested, damaged their personal property and forced them to leave the parties' house on a cold, winter day, thereby humiliating plaintiff. Defendant also made unfounded accusations against plaintiff to his family, sent hundreds of harassing e-mails to plaintiff, left him threatening phone messages, confronted him at work and made disparaging comments about plaintiff in front of his colleagues. According to

plaintiff, defendant's abusive behavior caused him to experience stress, anxiety, sleeplessness, depression and thoughts of suicide, requiring medical attention. We conclude that this evidence sufficiently supports Supreme Court's decision and, thus, we will not disturb that determination (*see Conrad v Conrad, supra* at 795; *Pfoltzer v Morris-Pfoltzer, supra* at 616-617; *cf. Omahen v Omahen,* 289 AD2d 890, 891-892 [2001], *lv denied* 97 NY2d 613 [2002]; *Newkirk v Newkirk, supra* at 952).

Defendant's remaining arguments do not require extended discussion. Contrary to defendant's assertions with respect to the equitable distribution of the parties' property, the statutory factors contained in Domestic Relations Law § 236 (B) (5) (d) "do not have to be specifically cited when the . . . findings of the court otherwise adequately articulate that the relevant statutory factors were considered" (*Rosenkranse v Rosenkranse,* 290 AD2d 685, 686 [2002]; *see Snow v Snow,* 14 AD3d 764, 765 [2005]), as is the case here. In the absence of any proof that plaintiff's advanced degree enhanced his earning capacity, the court did not err in declining to issue an award based upon that degree (*cf. Holterman v Holterman,* 3 NY3d 1, 7-9 [2004]). Similarly, we find no abuse of discretion or failure to consider all of the relevant statutory factors in Supreme Court's determination to award defendant maintenance in the amount of $1,000 per month for a period of three years or in the court's imputation of $25,000 in yearly income to defendant in light of her educational and professional background (*see* Domestic Relations Law § 236 [B] [6]; *Smith v Smith,* 8 AD3d 728, 731 [2004]; *Sodaro v Sodaro,* 286 AD2d 434, 435 [2001], *lv dismissed* 97 NY2d 677 [2001]; *cf. Goudreau v Goudreau,* 283 AD2d 684, 686-687 [2001]). Finally, because defendant has failed to demonstrate extraordinary circumstances, we will not entertain her claim of ineffective assistance of counsel in this civil action (*see e.g. Matter of Cichosz v Cichosz,* 12 AD3d 598, 599 [2004]; *Department of Social Servs. v Trustum C.D.,* 97 AD2d 831, 831 [1983], *lv denied* 61 NY2d 605 [1984]). Defendant's remaining contentions have been considered and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.