■ RICHARD H. HOLMES, IV, Respondent, v MAGDALENA R. HOLMES, Appellant. [807 NYS2d 217]—

Kane, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered July 6, 2004 in Columbia County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in July 1996. Plaintiff commenced this divorce action in July 2002. Defendant counterclaimed for

divorce and the matter proceeded to a bench trial. Supreme Court granted plaintiff a divorce based on cruel and inhuman treatment, denied defendant a divorce on her alleged grounds, denied defendant's request for maintenance and distributed the parties' property. Defendant appeals.

Supreme Court properly granted plaintiff a divorce based on cruel and inhuman treatment and denied defendant a divorce. The court is accorded broad discretion in determining whether a preponderance of the evidence supports the allegations that one spouse engaged in conduct which endangered the physical or mental well-being of the other so as to render it improper for the parties to cohabit (*see* Domestic Relations Law § 170 [1]; *Conrad v Conrad*, 16 AD3d 794, 794-795 [2005]; *Collins v Collins*, 284 AD2d 743, 745 [2001]). The trial court's credibility and factual determinations are also accorded deference (*see Shortis v Shortis*, 274 AD2d 880, 881 [2000]; *Delliveneri v Delliveneri*, 274 AD2d 798, 798 [2000], *lv denied* 95 NY2d 767 [2000]). Plaintiff's proof established that defendant abused alcohol throughout the marriage and used crack cocaine intermittently during the last three years of the marriage, was repeatedly admitted to rehabilitation centers and mental health facilities and became aggressive when drunk. Shortly before plaintiff commenced this action, defendant pursued him in a vehicle and purposely rammed into the vehicle which he was driving. This incident led to criminal charges against defendant and a stay-away order of protection in plaintiff's favor. These facts sufficiently support the court's determination that plaintiff established grounds for divorce, especially considering that this was a childless marriage of relatively short duration (*see Delliveneri v Delliveneri, supra* at 799; *compare Shortis v Shortis, supra* at 881-882). Based on the court's credibility assessment that plaintiff was more believable than defendant, it appropriately determined that defendant failed to establish her alleged grounds.

Supreme Court did not abuse its discretion in denying defendant's maintenance request. Although the court is required to consider the statutory factors set forth in Domestic Relations Law § 236 (B) (6) (a), the determination of whether to award maintenance rests soundly within the court's discretion (*see Shortis v Shortis, supra* at 882; *Myers v Myers*, 255 AD2d 711, 716-717 [1998]). While marital fault does not preclude an award of maintenance, it is a relevant factor (*see Myers v Myers, supra* at 717). Here, the parties were married approximately six years on the date of commencement of the action, at which time defendant was 44 and plaintiff was 43. They had no children.

Based on the credible evidence, the court found defendant at fault due to her alcohol and drug abuse and assaultive behavior toward plaintiff, and that defendant expended marital assets to support her habits. Additionally, the court determined that defendant obtained a Bachelor's degree prior to the marriage, she worked sporadically during the marriage and the parties lived a modest lifestyle. There was no proof that defendant gave up any educational or employment opportunities because of the marriage. Defendant suffered from various medical and mental health problems, but she was denied Social Security disability benefits. Although plaintiff earned substantially more income than defendant, under all the circumstances, we cannot say that the court abused its discretion in declining to award maintenance (*see Strang v Strang*, 222 AD2d 975, 978-979 [1995]; *Askew v Askew*, 268 AD2d 635, 636-637 [2000]; *compare Bemis v Bemis*, 305 AD2d 739, 740 [2003]).

We will modify portions of Supreme Court's equitable distribution of the parties' property. Plaintiff was awarded the vehicles, but those assets were mainly his separate property; any marital portion was balanced out by loans which plaintiff is responsible for paying, so there was basically no marital equity to distribute. Plaintiff's father gave him a parcel of land, which remains plaintiff's separate property. Prior to the marriage, plaintiff contracted to improve the lot and place a mobile home on it. Title to the lot and mobile home were held in plaintiff's name alone. He financed the total purchase of the mobile home and improvements and paid down the loan entirely with money he earned during the marriage. Under the circumstances, all but the value of the vacant, unimproved one-acre lot is marital property.

Neither party presented competent expert proof of the value of the property. Plaintiff's expert failed to take into account the improvement of the real estate, instead valuing only a used mobile home. Defendant's expert selected inappropriate properties as comparables. Nevertheless, the record contains some evidence from which we can discern the proper value. Plaintiff submitted a recent tax assessment valuing the property at $57,200. Additionally, at or shortly before commencement of the action plaintiff was able to refinance the loan secured by the property for $40,000. While plaintiff presented no proof of the value of a vacant one-acre parcel, defendant's expert valued the land at $15,000. Based hereon, the marital portion of this property is $42,200.

Defendant is only entitled to a portion of that marital property. The legislation introducing "[e]quitable distribution was

based on the premise that a marriage is, among other things, an economic partnership to which both parties contribute as spouse, parent, wage earner or homemaker" (*O'Brien v O'Brien*, 66 NY2d 576, 585 [1985]; *see Price v Price*, 69 NY2d 8, 14 [1986]). Equitable distribution need not be equal; the court is permitted to consider the contributions of the nontitled spouse to the acquisition of the asset and to the marriage as a whole (*see Farrell v Cleary-Farrell*, 306 AD2d 597, 599 [2003]; *compare Strang v Strang, supra* at 977 ["where both spouses contribute equally to a marriage of long duration, a division of marital assets should be made that is as equal as possible"]). While we agree with Supreme Court that defendant did not make substantial contributions to the marriage, there were periods of marital harmony and other periods where she was prevented from contributing because of medical conditions that resulted in surgeries and hospitalization. Under these circumstances, it is appropriate to award defendant 25% of the marital property (*see Farrell v Cleary-Farrell, supra* at 599).

By the same rationale, based on defendant's limited contribution to the economic partnership of this marriage, defendant is entitled to part of plaintiff's 401k plan. Supreme Court awarded plaintiff his entire 401k plan. We modify this award to give defendant 25% of the marital portion of that retirement plan (*compare Redgrave v Redgrave*, 13 AD3d 1015, 1016-1017 [2004] [affirming award of entire pension to husband out of considerations of fairness and respective situations of parties]). We remit to Supreme Court for submission of a qualified domestic relations order to effect this award.

Supreme Court erred in requiring defendant to pay all debt on credit cards in her name. Although the court required plaintiff to pay joint credit card bills and all debts in his name, there was no proof regarding joint debt and most of plaintiff's debts were linked to assets that he received. Defendant presented proof that plaintiff used her credit cards on occasion. Specifically, she proved that plaintiff purchased two airline tickets. Defendant also proved that she used the credit card to pay for her stay at a drug rehabilitation center for which plaintiff received insurance reimbursement, yet he retained that insurance money and did not forward it to defendant to pay off that bill. Plaintiff did not rebut this proof. Under the circumstances, it is equitable to require plaintiff to pay defendant for the airplane tickets and the medical reimbursement (*compare McKeever v McKeever*, 8 AD3d 702, 702-703 [2004]; *Jonas v Jonas*, 241 AD2d 839, 840 [1997]).

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered

that the judgment is modified, on the law and the facts, without costs, by ordering plaintiff to pay defendant $10,550 as her marital share of the value of the marital residence and $3,134 toward expenses on her credit cards; matter remitted to the Supreme Court for submission of a qualified domestic relations order regarding plaintiff's 401k plan; and, as so modified, affirmed.