■ In the Matter of Kelly J. Cicardi, Appellant, v Denise L. Cicardi, Respondent. [693 NYS2d 696] —Graffeo, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered October 22, 1998, which, *inter alia*, in a proceeding pursuant to Family Court Act article 4, granted respondent's cross motion to strike certain documents from the record on appeal.

In August 1997 Family Court dismissed petitioner's application for modification of a child support order and directed a money judgment in the amount of $19,600 against him for his child support arrears. Petitioner filed a notice of appeal and subsequently a dispute arose between respondent and petitioner with respect to the contents of the record for appellate purposes. Petitioner then moved for an extension of time to perfect the appeal and respondent cross-moved to dismiss the appeal for failure to timely perfect or, in the alternative, to strike certain portions of petitioner's submitted record. This Court denied respondent's cross motion, ordered petitioner to make application to settle the record in Family Court pursuant to CPLR 5525 (c) and extended petitioner's time to perfect the appeal until 20 days after the settling of the record. Upon petitioner's application to Family Court to settle the record and respondent's cross motion seeking to strike certain portions of the record, respondent's cross motion was granted by Family Court. Petitioner now appeals.

Pursuant to CPLR 5526, "[t]he record on appeal from a final judgment shall consist of the notice of appeal, the judgment-roll, the corrected transcript of the proceedings or a statement pursuant to [CPLR 5525 (d)] if a trial or hearing was held, any relevant exhibits, or copies of them, in the court of original instance, any other reviewable order, and any opinions in the case." The judgment-roll "shall contain the summons, pleadings, admissions, each judgment and each order involving the merits or necessarily affecting the final judgment" (CPLR 5017 [b]). In addition, an appeal from a final judgment includes the review of any nonfinal judgment or order "which necessarily affects the final judgment * * * and which, if reversed, would entitle the [party] to prevail in whole or in part on that appeal" (CPLR 5501 [a] [1]; *see, Matter of Ellis v Ellis*, 233 AD2d 678, 680). Accordingly, any incidental order which does "not have any impact on the final judgment" is not subject to review (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5501:4, at 18).

Here, we conclude that Family Court correctly precluded certain hearing transcripts from inclusion in the record on ap-

peal. The proceeding conducted on February 6, 1997 involved the referral of the case to a Hearing Examiner and the issuance of a temporary support order by Family Court, to remain in effect until petitioner's derivative Social Security payments began, which evidently were to benefit petitioner's children. This order was clearly intended to be a temporary measure to provide support for the children pending the Hearing Examiner's inquiry, and was not relevant to the issues on appeal. Additionally, the transcript of a May 14, 1997 hearing on a petition alleging violations of the visitation schedule was excluded from the record. In light of the fact that the issues presented in this hearing were resolved and would not affect the final judgment at issue, we find it was also properly disallowed. Finally, there was no error in Family Court's refusal to include the transcript of a conference pertaining to certain discovery requests. All three transcripts were properly excluded from the record on appeal because they do not necessarily affect (see, CPLR 5501 [a] [1]) or involve the merits (see, CPLR 5017 [b]) of petitioner's pending appeal which focuses on whether petitioner established that a substantial change of circumstances warranted a modification of support (see, e.g., Matter of Scholet v Newell, 229 AD2d 621; Matter of Allen v Bowen, 149 AD2d 828).

We have considered the remaining contentions of petitioner and have found them to be lacking in merit.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur: Ordered that the order is affirmed, without costs.