■ In the Matter of RONALD B. BLACKMORE, Appellant, v CAROL J. BLACKMORE, Respondent. (And Another Related Proceeding.) [761 NYS2d 355] —Rose, J. Appeals (1) from an order of the Family Court of Madison County (Burns, J.), entered May 28, 2002, which, inter alia, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6,

to find respondent in violation of previous visitation orders, and (2) from an order of said court, entered May 28, 2002, which, inter alia, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 4, for modification of an order of child support.

Petitioner and respondent were divorced in October 2000. The divorce judgment provided that respondent would have physical custody of the parties' four children, specified the terms of visitation, and directed petitioner to pay child support in the agreed-upon amount of $175 per week. In June 2001, upon the application of petitioner, Family Court issued an order modifying some of the terms and conditions of visitation. Thereafter, petitioner brought four separate proceedings alleging visitation violations by respondent. In November 2001, Family Court dismissed them all as utterly lacking in merit.

In January 2002, petitioner brought another application (hereinafter proceeding No. 1), alleging again that respondent had violated the terms of visitation. Following a hearing, Family Court dismissed the petition and imposed sanctions in the form of counsel fees against petitioner. Petitioner appeals from this order.

Also in January 2002, petitioner brought a separate proceeding (hereinafter proceeding No. 2) asking Family Court to declare that one of the parties' children had become emancipated and seeking reduction of his child support. Respondent cross-petitioned for sanctions for petitioner's failure to enroll the parties' children in his health insurance plan, as required by court order. Following a hearing, the Hearing Examiner determined that petitioner's financial circumstances had changed and reduced his weekly child support to $160. The Hearing Examiner further found that petitioner's willful violation of the order regarding health insurance for his children warranted the imposition of sanctions and denied his request for a declaration of emancipation as having previously been rejected by Family Court. Family Court denied petitioner's objections to the Hearing Examiner's findings, prompting an appeal from that order as well.

With respect to proceeding No. 1, the fact that petitioner made five meritless violation applications in a one-year period amply supports Family Court's findings that petitioner had frivolously prolonged this litigation, harassed respondent by doing so, and compelled respondent to incur unnecessary legal expenses. Accordingly, Family Court did not abuse its discretion by imposing sanctions against petitioner and we will not disturb its determinations (see 22 NYCRR 130-1.1 [a], [b];

*De Ruzzio v De Ruzzio,* 287 AD2d 896, 896 [2001]; *Matter of Williams v Williams,* 215 AD2d 980, 981 [1995]).

With respect to proceeding No. 2, we disagree that Family Court failed to provide a "thorough hearing" or give "due consideration" to petitioner's objections regarding the alleged emancipation and appropriate reduction in child support. As to the latter, although petitioner contends that his child support payments during 2001 should have been retroactively reduced to reflect his actual 2001 income, the judgment of divorce plainly required retroactive modification only for the first year, 2000, and all other years are to be based on his income in the previous year.

We are similarly unpersuaded by petitioner's claim that he did not willfully violate the court order directing him to enroll the parties' children in his health insurance plan. As petitioner does not deny that he took no action to effectuate such enrollment, and that such enrollment occurred promptly once respondent submitted a copy of the court order to petitioner's employer, the record supports Family Court's finding that petitioner willfully violated the court order. We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.