■ NORMAN D. ROSENBERG, Appellant, v EILEEN S. SACK, Also Known as LEENY SACK, Respondent. [848 NYS2d 760]—

Lahtinen, J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 1, 2006 in Chenango County, which granted plaintiff's motion to terminate the temporary maintenance obligation of a prior order.

Plaintiff commenced this action for divorce and defendant sought temporary maintenance. Although plaintiff contended that he had no assets since he had taken a vow of poverty ostensibly as part of his religious practices, defendant asserted that plaintiff received substantial amounts of money, which were handled by individuals over whom he exercised control. In

November 2004, Supreme Court granted temporary maintenance to defendant that included monthly spousal support of $2,500. Shortly thereafter, defendant's father died and she became the recipient of trust income of approximately $2,500 per month. In August 2006, plaintiff, who had made no payments on his temporary spousal support obligation, moved to terminate such obligation based upon the trust income now being received by defendant. Supreme Court granted the motion and terminated the temporary obligation as of the date plaintiff's motion had been filed (i.e., August 2006). Plaintiff appeals contending that the temporary maintenance obligation should have been terminated as of the date of the original order (i.e., November 2004).

As a general rule, strong public policy provides that a party is not entitled to reimbursement of excess temporary maintenance payments (*see Fox v Fox*, 306 AD2d 583, 583 [2003], *appeal dismissed* 1 NY3d 622 [2004]; *see also Redgrave v Redgrave*, 25 AD3d 973, 974 [2006]). Adjustments addressing inequities resulting from overpayment may be available within the context of an ongoing matrimonial action (*see Fox v Fox*, 306 AD2d at 584) and there are narrow exceptions to the general rule, such as when the payee spouse intentionally conceals material facts that would have terminated the payor's obligation (*see Vigliotti v Vigliotti*, 260 AD2d 470, 471 [1999]; *see also Fox v Fox*, 306 AD2d at 584). However, a party who "willfully flout[s]" a temporary support order by ignoring the obligations set forth therein should not be granted a "retroactive reduction" (*Rodgers v Rodgers*, 98 AD2d 386, 390 [1983], *appeal dismissed* 62 NY2d 646 [1984]; *cf. Coveleski v Coveleski*, 93 AD2d 924, 924 [1983]). While each party in this action accuses the other of various nefarious conduct, we need not delve into such allegations to resolve the narrow issue on appeal. In light of plaintiff's failure to make any payments on the temporary spousal support award, we are unpersuaded that Supreme Court erred in refusing to retroactively eliminate such obligation within the context of the motion that was before the court.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.