■ RICHARD H. HOLMES, IV, Appellant-Respondent, v MAGDALENA R. HOLMES, Respondent-Appellant. [— NYS2d —]—

Kane, J. Cross appeals from an order of the Supreme Court (Donohue, J.), entered June 22, 2007 in Columbia County, which, among other things, denied plaintiff's motion for a credit for maintenance payments made during the pendency of the parties' divorce action.

Plaintiff commenced this divorce action in July 2002. In October 2002, the parties consented to an order in Family Court (Lance, S.M.) requiring plaintiff to pay defendant spousal support of $240 per week, until modified by Supreme Court or another court with jurisdiction. In July 2004, Supreme Court (Connor, J.) entered a judgment granting plaintiff a divorce, equitably distributing the parties' property and denying defendant's request for maintenance. Upon defendant's appeal, in January 2006 this Court modified the judgment of divorce by, among other things, requiring plaintiff to pay defendant $13,684 as her additional portion of marital property (25 AD3d 931 [2006]). This Court also found that Supreme Court did not abuse its discretion in denying defendant's maintenance request (*id.* at 932).

In March 2007, plaintiff moved for an order crediting him in the amount of $27,000, representing the maintenance he allegedly overpaid while the matrimonial action was pending. Defendant opposed the motion and cross-moved for an award of counsel fees. Supreme Court (Donohue, J.) denied the motion and cross motion. Both parties appeal.

By failing to appeal the 2004 judgment of divorce which did not award plaintiff recoupment of any alleged overpayments of maintenance—assuming he even requested such relief in the main divorce action—plaintiff's current application for such recoupment is precluded. In any event, restitution or recoupment of support overpayments is generally against public policy,

except under special circumstances not present here (*see Rosenberg v Sack*, 46 AD3d 1273, 1274 [2007], *lv dismissed* 10 NY3d 800 [2008]; *Fox v Fox*, 306 AD2d 583, 583-584 [2003], *lv dismissed* 1 NY3d 622 [2004]; *Du Jack v Du Jack*, 243 AD2d 908, 909 [1997]; *see also Baraby v Baraby*, 250 AD2d 201, 205 [1998]).

Defendant was entitled to counsel fees incurred in responding to plaintiff's frivolous motion. A court may impose costs or require payment of counsel fees due to a party's frivolous conduct (*see* 22 NYCRR 130-1.1 [a]; *Matter of Blackmore v Blackmore*, 306 AD2d 586, 587 [2003]). Plaintiff lacked any procedural basis to file the instant motion, and he had no substantive legal authority to support his position. Defendant was thus entitled to recover the amount she expended on counsel fees to respond to this baseless application. Counsel verified that the value of her services to defend this motion totaled $1,120. We therefore award defendant that amount as a sanction against plaintiff for filing a frivolous application.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's cross motion for counsel fees; cross motion granted in the amount of $1,120; and, as so modified, affirmed.