■ GENNADY GORELIK, Appellant, v ELENA GORELIK, Respondent. [895 NYS2d 718]—In a matrimonial action in which the parties were divorced by judgment dated February 10, 1997, the plaintiff former husband appeals (1) from an order of the Supreme Court, Kings County (Ambrosio, J.), dated March 3, 2008, which denied that branch of his motion which was to vacate so much of an order of the same court (Gans, J.H.O.), dated November 30, 2007, as denied his motion for a determination that the findings contained in a June 15, 2006 Bankruptcy Court order as to his income and financial circumstances were binding upon the parties on his motion for downward modification of his child support obligation and, sua sponte, enjoined him from bringing any further motions regarding the issue of the preclusive effect of the bankruptcy action on these proceedings, and (2), as limited by his notice of appeal and brief, from so much of an order of the same court dated April 7, 2008, as denied those branches of his motion which were, in effect, for leave to renew his motion to vacate.

Ordered that the appeal from so much of the order dated March 3, 2008, as denied that branch of the plaintiff's motion which was to vacate the order dated November 30, 2007, and the appeal from the order dated April 7, 2008, are dismissed as

academic in light of our determination in a related appeal (*see Gorelik v Gorelik*, 71 AD3d 730 [2010] [decided herewith]); and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated March 3, 2008, as, sua sponte, enjoined the plaintiff from bringing any further motions regarding the issue of the preclusive effect of the bankruptcy action on these proceedings, is deemed an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated March 3, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court properly exercised its discretion in enjoining him from bringing any further motions regarding the issue of the preclusive effect of the findings contained in a Bankruptcy Court order on these proceedings in light of his numerous requests in several other motions for the same relief (*see Mancini v Mancini*, 269 AD2d 366 [2000]; *Duffy v Holt-Harris*, 260 AD2d 595 [1999]; *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996]; *Sassower v Signorelli*, 99 AD2d 358, 359 [1984]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.