■ XIAOKANG XU, Respondent, v XIAOLING SHIRLEY HE, Appellant. [909 NYS2d 574]—

---

Mercure, J.P. Appeal from an order and judgment of the Supreme Court (Drago, J.), entered November 19, 2008 in Schenectady County, which granted plaintiff's cross motion for, among other things, an award of counsel fees.

The underlying facts of this matter are more fully set forth in our prior decision affirming a 2005 Supreme Court judgment granting plaintiff a divorce on the basis of cruel and inhuman treatment, and ordering equitable distribution of the parties' property (*Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d 862 [2005], *lv denied* 6 NY3d 710 [2006]). As relevant here, Supreme Court (Eidens, J.) initially directed plaintiff to pay defendant $1,000 per month in maintenance for a period of three years, and ordered the prompt sale of the marital residence. Due to plaintiff's expenditure of marital funds without defendant's consent, the court denied plaintiff's request to receive a credit for his payment of the carrying charges on the marital residence. Thereafter, Supreme Court (Drago, J.) granted defendant's motion to stay enforcement of the judgment of divorce pending appeal, and ordered plaintiff to pay all carrying charges of the marital residence in lieu of $1,000 monthly maintenance.

Following affirmance of the judgment of divorce by this Court and denial of leave to appeal by the Court of Appeals, plaintiff began making monthly maintenance payments to defendant in addition to continuing to pay carrying charges on the marital residence until its sale in October 2007. In the meantime, defendant continued to occupy the residence and thwarted real estate brokers' efforts to sell the property, resulting in her eviction pursuant to a January 2007 order. In a separate, March 2007 order, Supreme Court further directed that plaintiff be credited with all carrying charges for the former marital residence for any month during which he also paid maintenance to defendant. Defendant indicates that she filed a notice of appeal from the order of eviction but failed to perfect her appeal.

In January 2008, defendant moved for an extension and upward modification of plaintiff's maintenance obligation, and an order directing plaintiff to pay defendant her share of the eq-

uitable distribution of the marital property, as well as $25,000 in counsel fees. Plaintiff cross-moved for, among other things, a money judgment in the amount of approximately $72,000 plus interest for the carrying charges on the former marital residence from the time of the divorce until sale. Supreme Court denied defendant's motions and, after a hearing, entered judgment against defendant in the amount of $130.54. Noting that defendant's repeated "defiance in abiding by court orders ha[d] resulted in [plaintiff] expending a tremendous amount of money post judgment," the court further awarded plaintiff approximately $15,000 for counsel fees. Defendant appeals and we now modify.

Initially, we agree with defendant that Supreme Court erred in awarding plaintiff a credit for the carrying charges on the marital residence prior to resolution of defendant's appeal. For the first five months—before the court issued a stay on May 18, 2005—plaintiff was obligated to pay those charges pursuant to the equitable distribution provisions of the judgment of divorce. Granting a credit for that time period was essentially an impermissible modification of equitable distribution (*see McAuliffe v McAuliffe*, 70 AD3d 1129, 1135-1136 [2010]; *Welsh v Lawler*, 282 AD2d 977, 979 [2001]). Thereafter, pursuant to the order staying enforcement of the divorce judgment pending appeal, plaintiff was directed "to pay all the carrying charges of the marital residence *in lieu of* . . . monthly maintenance" (emphasis added). The carrying charges paid while the appeal was pending were thus akin to maintenance (*see Schieck v Schieck*, 138 AD2d 688, 690 [1988]),* and "restitution or recoupment of support overpayments is generally against public policy, except under special circumstances" (*Holmes v Holmes*, 55 AD3d 1021, 1021-1022 [2008]; *see Rosenberg v Sack*, 46 AD3d 1273, 1274 [2007], *lv dismissed* 10 NY3d 800 [2008]; *Du Jack v Du Jack*, 243 AD2d 908, 909 [1997]). Thus, Supreme Court improperly awarded plaintiff a credit of $32,366.26 for carrying charges paid from the time of the divorce in January 2005, until completion of the appellate process in March 2006.

We reach a different result, however, with respect to the award of counsel fees and a credit for carrying charges paid after the appeal process was complete. Supreme Court properly considered "defendant's dilatory and obstructionist tactics as a basis for an . . . award of counsel fees," and we perceive no abuse of discretion in that regard (*Markov v Markov*, 304 AD2d 879, 880

---

* While the carrying charges were initially addressed by Supreme Court in distributing the parties' marital property, the court treated those charges as support payments once it imposed the stay.

[2003]; *see Yarinsky v Yarinsky*, 25 AD3d 1042, 1043 [2006]). Indeed, as noted above, defendant refused to cooperate in the sale of the marital residence following her unsuccessful appeal, and she repeatedly defied court orders. This conduct led to both her ultimate eviction and an order crediting plaintiff with all carrying charges for any month during which he also paid maintenance to defendant—i.e., subsequent to the conclusion of the appellate process. Under these circumstances, and given defendant's failure to appeal the order awarding plaintiff a credit for carrying charges paid beginning in April 2006, Supreme Court properly concluded that plaintiff was entitled to a credit for both counsel fees and carrying charges paid after completion of the appellate process (*see Holmes v Holmes*, 55 AD3d at 1021).

Defendant's remaining arguments have been considered and found to be lacking in merit.

Malone Jr., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for a credit for carrying charges on the marital residence expended from January 2005 through March 2006 in the amount of $32,366.26; cross motion denied to that extent; and, as so modified, affirmed.