*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    514788
_____

XIAOLING SHIRLEY HE,
                    Appellant,
          v                              MEMORANDUM AND ORDER

XIAOKANG XU,
                    Respondent.
_____

Calendar Date:  January 7, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____


        Xiaoling Shirley He, Clifton Park, appellant pro se.

        Wayne P. Smith, Schenectady, for respondent.


                    _____


Rose, J.

        Appeal from an order and judgment of the Supreme Court
(Drago, J.), entered October 19, 2011 in Schenectady County,
which, among other things, granted defendant's motion to, among
other things, dismiss the complaints.

        The parties were divorced in 2005 and we affirmed the
judgment of divorce that was granted on defendant's claim of
cruel and inhuman treatment (Xiaokang Xu v Xiaoling Shirley He,
24 AD3d 862 [2005], lv denied 6 NY3d 710 [2006]).  We later
affirmed the award of counsel fees to defendant in connection
with postdivorce proceedings (Xiokang Xu v Xiaoling Shirley He,
77 AD3d 1083, 1085 [2010]).[1]  Plaintiff commenced this action in

_____

        [1]  Most recently, we affirmed the dismissal of plaintiff's
unsuccessful action alleging various intentional torts and

2010 by filing and serving a summons with notice alleging, among other things, that defendant committed perjury in the divorce action. In response to defendant's demand for a complaint, plaintiff filed and served 10 separate complaints. Defendant rejected the complaints and moved to dismiss the action as procedurally defective. Supreme Court granted the motion, and plaintiff now appeals.

A review of plaintiff's complaints reveals that, to the extent any causes of action can be discerned, they relate to the previously litigated divorce and the ancillary proceedings regarding equitable distribution. Inasmuch as the ground for divorce and equitable distribution have been fully resolved, Supreme Court properly determined that the action is barred by the doctrine of collateral estoppel (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; Cheruvu v Cheruvu, 61 AD3d 1171, 1173 [2009]; Hejna v Reilly, 26 AD3d 709, 711 [2006]). We also agree with Supreme Court that defendant did not willfully disregard this Court's 2010 order directing him to reimburse plaintiff $32,366.26 when, in remitting the funds to plaintiff, he deducted the counsel fees awarded to him. Notably, we previously affirmed the award of counsel fees based on plaintiff's "'dilatory and obstructionist tactics'" (Xiokang Xu v Xiaoling Shirley He, 77 AD3d at 1085, quoting Markov v Markov, 304 AD2d 879, 880 [2003]).

Finally, while public policy generally dictates free and uninhibited access to the courts, we find no abuse of discretion in Supreme Court's order that plaintiff is required to obtain court approval prior to filing anything pertaining to the matrimonial action between the parties given her persistent attempts to relitigate the issues resolved in the divorce action through a series of unsuccessful and meritless filings (see Matter of Wagner, 114 AD3d 1235, 1237 [2014]; Gorelik v Gorelik, 71 AD3d 729, 730 [2010]; Matter of Horike v Freedman, 37 AD3d 978, 980 [2007]). Plaintiff's remaining contentions have been

negligence against third parties in connection with the sale of the former marital residence (He v Realty USA, 121 AD3d 1336 [2014]).

considered and determined to be without merit.

Lahtinen, J.P., Garry and Devine, JJ., concur.


ORDERED that the order and judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court