Egan Jr., J.
Appeals (1) from an order of the Supreme Court (Drago, J.), entered December 28, 2012 in Schenectady County, which, among other things, denied plaintiff’s motion to settle the record on appeal and granted defendant’s cross motion for counsel fees, and (2) from the judgment entered thereon.
The instant appeal represents plaintiff’s fifth appearance before this Court regarding issues surrounding the parties’ 2005 divorce and the subsequent sale of the former marital *1387 residence (Xiaoling Shirley He v Xiaokang Xu, 126 AD3d 1052 [2015]; He v Realty USA, 121 AD3d 1336 [2014], lv dismissed and denied 25 NY3d 1018 [2015]; Xiaokang Xu v Xiaoling Shirley He, 77 AD3d 1083 [2010]; Xiaokang Xu v Xiaoling Shirley He, 24 AD3d 862 [2005], lv denied 6 NY3d 710 [2006]). Insofar as is relevant here, by order and judgment entered October 19, 2011, Supreme Court, among other things, granted defendant’s motion to dismiss plaintiff’s 10 separate complaints as procedurally defective. Plaintiff appealed and, in connection therewith, moved in this Court to enlarge the record on appeal to include five specific documents that, according to plaintiff, proved that defendant committed perjury in the context of the underlying matrimonial action and resulting appeals. This Court denied plaintiff’s motion without prejudice to plaintiff making an application before Supreme Court to settle the record.
Plaintiff thereafter moved in Supreme Court to settle or, in her terms, enlarge the record, and defendant cross-moved for counsel fees and the imposition of sanctions. Supreme Court denied plaintiff’s motion and granted defendant’s cross motion to the extent of awarding defendant counsel fees and disbursements in the sum of $1,931.50. Plaintiff now appeals from the order denying her motion and awarding defendant counsel fees, as well as the judgment entered thereon.*
We affirm. Consistent with the provisions of CPLR 5526, “the record on appeal from a final judgment shall consist of a notice of appeal, the judgment roll, the transcript or a statement in lieu of a transcript if there was a trial or hearing, any exhibits in the court of original instance, any other reviewable order and any opinion in the case” (Matter of Yanoff v Commissioner of Educ. of State of N.Y., 64 AD2d 763, 763 [1978]; see Matter of Cicardi v Cicardi, 263 AD2d 686, 686 [1999]). The judgment roll, in turn, shall contain, among other things, “the summons, pleadings, admissions, each judgment and each order involving the merits or necessarily affecting the final judgment” (CPLR 5017 [b]; accord Matter of Yanoff v Commissioner of Educ. of State of N.Y., 64 AD2d at 763; Matter of Cicardi v Cicardi, 263 AD2d at 686). As a result, “[documents or information that were not before [the trial court] cannot be considered by this Court on appeal” (Matter of De Cotis v Malinoski, 252 AD2d 646, 647 [1998]; see Matter of Putnam, 68 *1388 AD3d 1614, 1615 [2009]; Matter of Wind Power Ethics Group [WPEG] v Zoning Bd. of Appeals of Town of Cape Vincent, 60 AD3d 1282, 1283 [2009]; see also Latham Land I LLC v TGI Friday’s Inc., 124 AD3d 957, 958 [2015]). Here, Supreme Court expressly found that the five documents at issue were neither considered in conjunction with nor relevant to the issues that gave rise to its October 2011 order and judgment, which dismissed plaintiff’s various complaints due to procedural defects. Under these circumstances, Supreme Court properly denied plaintiff’s motion to settle the record to include such materials.
As a final matter, we discern no abuse of discretion in Supreme Court’s award of counsel fees and disbursements to defendant. Years after unsuccessfully appealing from the 2005 judgment of divorce, plaintiff continues to challenge that judgment in Supreme Court by, among other things, asserting that defendant committed perjury in the underlying matrimonial action. Simply put, the parties’ matrimonial action and any corresponding issues regarding defendant’s credibility have long since been resolved, and plaintiff’s most recent attempt to revisit such issues by interjecting irrelevant and extraneous documents into the record is nothing short of frivolous. Accordingly, we discern no basis upon which to disturb Supreme Court’s award in this regard. Plaintiffs remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, P.J., McCarthy and Rose, JJ., concur. Ordered that the order and judgment are affirmed, without costs.

 Although this Court already has decided the appeal in which plaintiff sought to enlarge the record (Xiaoling Shirley He v Xiaokang Xu, 126 AD3d 1052 [2015], supra), we do not find- — given the particular circumstances presented — that the instant appeal is moot.