*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                    519823
_____

SHIRLEY HE,
                        Appellant,

          v                                    MEMORANDUM AND ORDER

SIEMENS ENERGY, INC., et al.,
                        Respondents.
_____

Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Devine, JJ.

                    _____

          Shirley He, Clifton Park, appellant pro se.

          Littleton Joyce Ughetta Park & Kelly, LLP, Purchase (Bryon
L. Friedman of counsel), for Siemens Energy, Inc. and others,
respondents.

          The Dalton Law Firm, LLC, Saratoga Springs (Alisa M. Dalton
of counsel), for Ricardo R. Austria and another, respondents.

                    _____

Devine, J.

          Appeal from an order of the Supreme Court (Clark, J.),
entered December 20, 2013 in Schenectady County, which, among
other things, denied plaintiff's motion to vacate a prior order
of the court.

          Plaintiff has regularly appeared before this Court on
matters connected, be it directly or indirectly, to her 2005
divorce (Xiaoling Shirley He v Xiaokang Xu, 130 AD3d 1386 [2015],
lv denied 26 NY3d 904 [2015]; Xiaoling Shirley He v Xiaokang Xu,
126 AD3d 1052 [2015]; He v Realty USA, 121 AD3d 1336 [2014], lv
dismissed and denied 25 NY3d 1018 [2015]; Xiaokang Xu v Xiaoling

Shirley He, 77 AD3d 1083 [2010]; Xiaokang Xu v Xiaoling Shirley He, 24 AD3d 862 [2005], lv denied 6 NY3d 710 [2006]). Plaintiff commenced this action in 2012 against the former employer of her ex-husband, defendant Siemens Energy, Inc., as well as several of his former coworkers. The gravamen of the complaint is that defendants interfered in various ways with plaintiff's marriage, harassed her and either perjured themselves at her divorce trial or facilitated such perjury.

Siemens and defendants Brian Gemmell, Clyde Custer, James W. Feltes and Yachi Lin (hereinafter collectively referred to as the Siemens defendants) filed a pre-answer motion to dismiss the complaint and argued, among other things, that it was time-barred. Defendants Ricardo R. Austria and Ramon Tapia filed a separate pre-answer motion to dismiss, alleging that personal jurisdiction had not been obtained over them and that the complaint failed to state a cause of action. At plaintiff's request, Supreme Court (Drago, J.) extended the time in which she could serve responsive papers to May 12, 2012, but made clear that "[n]o further adjournments will be accepted." Supreme Court did not respond to subsequent requests by plaintiff for an extension and, in August 2012, granted both motions upon the basis that all of the claims contained in the complaint were time-barred. Plaintiff's appeal from the August 2012 order was dismissed (2012 NY Slip Op 92933[U]), prompting her to move to vacate the order in July 2013. Supreme Court (Clark, J.) denied the motion, and plaintiff now appeals from this order.

We affirm. Despite having been granted an extension of time in which to serve responsive papers and being advised that no further extensions would be granted, plaintiff submitted nothing aside from requests for further adjournments. Contrary to the argument of the Siemens defendants, Supreme Court properly treated the August 2012 order as one entered upon default under these circumstances (see CPLR 2214 [c]; Hartwich v Young, 149 AD2d 762, 765 [1989], lv denied 75 NY2d 701 [1989]). Nonetheless, in order "to be relieved of a judgment [or order] on the ground of 'excusable default' . . . [a party] must establish that there was a reasonable excuse for the default and a meritorious claim or defense" (Pekarek v Votaw, 216 AD2d 829, 830 [1995], quoting CPLR 5015 [a] [1]; see Doane v Kiwanis Club of

Rotterdam, N.Y., Inc., 128 AD3d 1309, 1310 [2015]).  Assuming, without deciding, that plaintiff established a reasonable excuse for her default (but see Jaffery v MacMillan & Webb Enters., Inc., 27 AD3d 422, 422-423 [2006]), she did not go on to establish the existence of a meritorious claim.

Plaintiff here sought to recover for various intentional torts allegedly committed by defendants between 2002 and 2004.  This action was commenced in 2012 and, because most of the causes of action asserted in the complaint are subject to a statute of limitations of one year (see CPLR 215 [3]) or three years (see CPLR 214 [4], [5]), they are time-barred.  Plaintiff makes no effort to chart a potential path to overcoming the statute of limitations problem with regard to those causes of action; she does, however, argue that certain fraud claims interposed in the complaint remain viable.  The complaint specifically alleged that certain defendants committed perjury or suborned perjury in the divorce action, and plaintiff contends that those claims are not time-barred because she only recently became aware of defendants' lies (see CPLR 213 [8]).  It has been long established "that there can be no civil action for perjury or subornation of perjury," however, and whatever redress is available to plaintiff does not include the present action (Verplanck v Van Buren, 76 NY 247, 261 [1879]; see Specialized Indus. Servs. Corp. v Carter, 68 AD3d 750, 751-752 [2009]).  Thus, because plaintiff failed to come forward with proof of a meritorious claim, Supreme Court did not abuse its discretion in denying her motion to vacate the order entered upon her default (see F & K Supply, Inc. v Shean, 56 AD3d 1076, 1078 [2008]).

McCarthy, J.P., Egan Jr. and Rose, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court