Babayev v Kreitzman (2019 NY Slip Op 00085)





Babayev v Kreitzman


2019 NY Slip Op 00085


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-03262
 (Index No. 46110/07)

[*1]Mikhail Babayev, appellant, 
v
Isaac Kreitzman, respondent.


Serhiy Hoshovsky, New York, NY (Chukwuemeka Nwokoro of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Steven C. Mandell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), entered February 22, 2017. The judgment, upon, inter alia, an amended order of the same court dated February 1, 2017, granting the defendant's motion to preclude certain evidence based upon the doctrine of collateral estoppel, and thereupon, directing dismissal of the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal is dismissed, with costs.
The plaintiff commenced this action against the defendant to recover damages for medical malpractice. The defendant subsequently moved to preclude the plaintiff from presenting certain evidence based upon the doctrine of collateral estoppel. In support of his motion, the defendant apparently argued that an order of the United States District Court for the Eastern District of New York in a related federal court action involving the plaintiff was determinative of certain issues in the subject action.
In an amended order dated February 1, 2017, the Supreme Court granted the defendant's motion, and thereupon, directed dismissal of the complaint. A subsequent judgment entered February 22, 2017, was in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.
"It is the obligation of the appellant to assemble a proper record on appeal" (Gaffney v Gaffney, 29 AD3d 857, 857; see Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814, 814). Generally speaking, "[a]n appellant's record on appeal must contain all of the relevant papers before the Supreme Court" (Gaffney v Gaffney, 29 AD3d at 857; see CPLR 5526; Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d at 814). "The record on appeal from a final judgment shall consist of the notice of appeal, the judgment-roll, the corrected transcript of the proceedings or a statement pursuant to subdivision (d) of rule 5525 if a trial or hearing was held, any relevant exhibits, or copies of them, in the court of original instance, any other reviewable order, and any opinions in the case" (CPLR 5526; see Xiaoling Shirley He v Xiaokang Xu, 130 AD3d 1386, 1387). The judgment-roll, [*2]in turn, shall contain, among other things, "the summons, pleadings, admissions, each judgment and each order involving the merits or necessarily affecting the final judgment" (CPLR 5017[b]; see Xiaoling Shirley He v Xiaokang Xu, 130 AD3d at 1387). "Appeals that are not based upon complete and proper records must be dismissed" (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450; see Reyes v Eleftheria Rest. Corp., 162 AD3d 808, 809; Ciafone v Jobs for NY, Inc., 151 AD3d 692, 692; Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d at 814; Ghatani v AGH Realty, LLC, 136 AD3d 744, 744).
Here, the record is inadequate. The appellant failed to include all the relevant documents that were before the Supreme Court. The record does not include the defendant's notice of motion to preclude the plaintiff from presenting certain evidence based upon the doctrine of collateral estoppel; it does not include any affidavits, affirmations, or exhibits submitted by the defendant in connection with that motion; and it does not include any affidavits, affirmations, or exhibits submitted by the plaintiff in opposition to the motion. Furthermore, the record does not contain a copy of the complaint in this action, the bill of particulars or the amended bill of particulars, or the defendant's answer. Since "[t]hese omissions have rendered meaningful appellate review of the Supreme Court's [judgment] virtually impossible, . . . dismissal of the appeal is the appropriate disposition" (Coello v Gonzalez, 96 AD3d 707, 707-708 [citations omitted]; see Reyes v Eleftheria Rest. Corp., 162 AD3d at 809; JR Factors, Inc. v Astoria Equities, Inc., 159 AD3d 801, 801-802; Ciafone v Jobs for NY, Inc., 151 AD3d at 692).
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court