Shirley He v Xiaokang Xu (2020 NY Slip Op 02955)





Shirley He v Xiaokang Xu


2020 NY Slip Op 02955


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

526919

[*1]Shirley He, Appellant,
v
Xiaokang Xu, Respondent, et al., Defendant.

Calendar Date: March 24, 2020

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.


Shirley He, Clifton Park, appellant pro se.
Xiaokang Xu, Vernon Hills, Illinois, respondent pro se.



Lynch, J.
Appeals (1) from an order of the Supreme Court (Bruening, J.), entered September 27, 2017 in Saratoga County, which, among other things, denied plaintiff's motion for permission to file a claim against defendants, and (2) from an order of said court, entered April 2, 2018 in Saratoga County, which denied plaintiff's motion for reconsideration and to vacate a prior order.
Plaintiff and defendant Xiaokang Xu (hereinafter defendant) were divorced in 2005, and we affirmed the judgment of divorce (Xiaokang Xu v Xiaoling Shirley He, 24 AD3d 862, 863-864 [2005], lv denied 6 NY3d 710 [2006]). As a consequence of plaintiff's persistent efforts to relitigate issues, this Court affirmed a 2011 order of Supreme Court (Drago, J.) that directed plaintiff to obtain court approval prior to filing anything related to the matrimonial action (Xiaoling Shirley He v Xiaokang Xu, 126 AD3d 1052, 1053 [2015]). In 2014, Supreme Court (Ferradino, J.) issued an order granting a permanent injunction restraining plaintiff for a period of five years from, among other things, commencing any legal proceedings against defendant without obtaining prior consent from Supreme Court. On appeal, this Court determined that Supreme Court acted within its discretion in granting the permanent injunction, but concluded that the court lacked authority to issue a separate order of protection (Xiaokang Xu v Xiaoling Shirley He, 147 AD3d 1223, 1225, 1227 [2017]).
Thereafter, plaintiff commenced this action by filing a summons with notice, asserting claims of malicious prosecution, abuse of process, libel per se, perjury and "frivolous conduct" — all specifically related to the proceedings underlying Supreme Court's 2014 order. Notably, plaintiff did not seek prior court approval to commence the action. Supreme Court (Bruening, J.) denied plaintiff's motion for permission to commence the action and dismissed the complaint. The court also denied plaintiff's motion for reconsideration and to vacate that determination. Plaintiff appeals.
We affirm. Supreme Court properly determined that plaintiff failed to comply with the permanent injunction compelling her to obtain court approval prior to commencing any action against defendant. This new action, which effectively seeks to relitigate issues addressed in 2014, was particularly unwarranted. Nor did the court abuse its discretion in denying plaintiff's motion to vacate. For these reasons, we affirm the court's orders.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the orders are affirmed, with costs.